GREER v. LATIMER.

1. EXCEPTIONS.—Under the rulings in this case, there is no practical basis for the first ground of appeal.

2. ATTORNEY AND CLIENT—RECEIPT—FEE—EVIDENCE.—Upon the question of how much it cost a client to defend a certain claim, it is competent to prove by the attorney how much the client told him he

allowed him for this special work in paying him for this and other services, and the contents of a lost receipt for such payment, dictated by the client, may be proven.

3. DEFENSE—NUDUM PACTUM.—The defense of *nudum pactum* need not be set up as an affirmative defense to a complaint on an instrument which does not on its face import a consideration.

4. JURY—QUANTUM MERUIT—FEE.—It is the province of the jury to fix the amount of a fee, where no amount has been agreed upon.

5. PLEADINGS—ALLEGATIONS—ADMISSIONS.—Allegations and admissions in pleadings relate only to matters of fact, and not to propositions of law.

6. INTEREST.—There is nothing in the pleadings and evidence in this case to show that the plaintiff was entitled to interest on the amount sued on from date of the instrument.

Before BENET, J., Greenville, December, 1895. Reversed.

Action by P. Alice Greer against J. P. Latimer, on a written instrument for the payment of money. Judgment for plaintiff. Defendant appeals.

*Mr. Jos. A. McCullough,* for appellant, cites: *Discretion:* 17 S. C., 453; 18 Wend. N. Y., 99. *Nudum Pactum:* 1 Bliss Code Pleading, 71; 60 Barb., 346; 4 Ency. Pl. & Pr., 946; 37 S. C., 443. *Interest:* Rev. Stat., 1392. *New Trial Nisi:* 22 S. C., 313; 43 S. C., 35.

*Messrs. Cothran, Wells, Ansel & Cothran,* contra, cite: *Nudum Pactum:* 1 Ch. Pl., 551 B; 27 S. C., 621. *Interest:* 2 N. & McC., 45; 1 McC., 449; 17 S. C., 313.

July 16, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The action in this case is based upon a contract, in writing, bearing date 2d May, 1890, a copy of which is set out in the first paragraph of the complaint, which reads as follows: "This is to certify that I have this day received of M. F. Ansel, attorney, $335, my third of the amount, less costs, fees, and expenses, of the compromise made of the judgment of *Greer & Moseley* v. *A. L. Herren,* and agree that, if I am not made to

12—47

account to the estate of Hewlett Sullivan, deceased, for a judgment obtained by J. N. Greer against me, and assigned by J. N. Greer to Mrs. P. Alice Greer, and by her to Hewlett Sullivan, and by Hewlett Sullivan to me, then I am to pay said sum to Mrs. P. Alice Greer, less expense incurred in defending same." In the second paragraph of the complaint the allegation is, that the defendant, Latimer, did not have to account to the estate of Hewlett Sullivan for the judgment obtained by J. N. Greer against him; and, in the third paragraph of the complaint, the allegation is, "that defendant has paid no part of said sum of $335, and the same, with interest, at the rate of seven per cent. per annum, from May 2, 1890, is due plaintiff." The answer of defendant, after having been twice amended, was an admission of the allegations of the complaint, with an allegation that, in defending himself against the attempt to charge him with the amount of the judgment obtained by J. N. Greer against him, he incurred an expense of $800; the defendant also pleaded, as a counter-claim, the amount of a note for $50, bearing date 31st August, 1889, with interest from that date; and judgment was demanded by defendant against plaintiff for the amount due on said note, as well as for the sum of $800, less the sum of $335, mentioned in the contract, a copy of which is set out above.

The counter-claim, based upon the $50 note, above mentioned, seems to have been reduced by payments to the sum of $10, besides interest, as to which there does not appear to have been any real controversy—the real controversy being as to the amount of the expenses incurred by Latimer in his successful effort to avoid accountability to the estate of Hewlett Sullivan for the amount of the J. N. Greer judgment. After the testimony was closed, the jury were charged by his Honor, Judge Benet, as is set out in the "Case," and the jury rendered a verdict in favor of the plaintiff for the sum of $388.40, on the 4th December, 1895. Judgment having been entered on this verdict, defendant appeals, upon the several grounds set out in the

record, which need not be repeated here, as we propose to consider the several questions presented by these grounds instead of considering the grounds *seriatim*.

The first six grounds raise the question as to the competency of certain testimony offered by defendant and excluded by the Circuit Judge. The seventh and eighth grounds raise the question as to whether there was error on the part of the Circuit Judge in his ruling, and in his charge to the jury, as to the point that the contract upon which plaintiff's action was based was *nudum pactum*. The ninth and tenth grounds impute error to the Circuit Judge in his instructions to the jury as to fixing what would be a reasonable fee for the professional services rendered Latimer in resisting the attempt to charge him with the amount of the J. N. Greer judgment. The eleventh and last ground raises the question whether the plaintiff was entitled to interest on the contract sued on.

Recurring now to these questions in their order, we will first consider the question as to the competency of the testimony. For a proper understanding of this question it will be necessary to state certain undisputed facts appearing in the "Case." It appears that an action was instituted by some of the parties interested in the estate of Hewlett Sullivan against the defendant, J. P. Latimer, and John H. Latimer, as executors of the will of Hewlett Sullivan, for the purpose, amongst other things, of having those executors removed and a receiver of the estate appointed, as well for the purpose of requiring an accounting from said executors, and for a final settlement of the estate. One of the questions raised in that case was whether the defendant, J. P. Latimer, should be required to account for the amount of the J. N. Greer judgment. Several counsel were employed by the executors in that action, to whom they paid large fees, and the real controversy in this case was, how much of such fees were properly to be considered as expense incurred by Latimer, in resisting the attempt to charge him with the amount of the Greer judgment. To show this,

defendant offered these counsel as witnesses, and the effort
was to show by these counsel how much of the fees paid
them respectively were properly to be credited to their pro-
fessional services in resisting the attempt to charge defend-
ant with the Greer judgment, and how much thereof should
be credited to their professional services in defending Lati-
mer on the other points involved in the case. As might
have been expected, these gentlemen found it difficult, if
not impossible, to specify what portion of the fees received
by them should have been properly credited to their servicces
in regard to the Greer judgment, and what should have been
properly credited to their services on the other points in-
volved in the case. When, therefore, Mr. McCollough, the
first witness examined as to this point, after stating that the
whole amount of his fee in the case was $750, was asked
what portion of that amount should have reasonably gone
to his services in reference to the Greer judgment, although
the question was at first objected to as speculative evidence,
yet the Court ruled that "the witness might state what pro-
portion of that fee would have reasonably been applicable
to the Greer judgment;" and, as a matter of fact, it appears
that the witness was permitted, subsequently, to say that,
apart from what Latimer told him, it would be impossible
for him to state what would have been a fair proportion of
the fee applicable to the Greer judgment. We do not
think, therefore, that there is any practical basis for de-
fendant's first ground of appeal.

The second, third, fifth, and sixth grounds of appeal all
turn upon the question, whether there was error in ruling
that it was incompetent for the witnesses therein mentioned
to testify as to what Latimer told them, at the time he paid
their fees, what amount thereof was applicable to
their services in the matter of the Greer judgment;
and also in ruling that the witnesses could not testify
as to the contents of a lost receipt, because it was dictated
by Latimer. It will be observed that the question here is
as to the *competency* of the testimony, and not as to its *effect*

or *sufficiency*. The inquiry was as to the amount of the expense incurred by Latimer in the matter of the Greer judgment. Surely Latimer was a *competent* witness to prove what expense he had incurred, and what amount he had paid, and to whom. If so, then why would it be incompetent for these professional gentlemen, who had claims against Latimer for services rendered him in that particular matter, as well as in other matters, to say that when they received the money they were told by Latimer that so much was intended by him as pay for their services in one matter,. and so much for other matters? Is this anything more than the well settled doctrine, that a debtor owing two debts to the same person, has the right to direct the application of any payment he may make, at the time of making such payment, to the one debt or the other, as he may choose, or to direct that so much of the payment shall be applied to the one debt and so much to the other? And was it ever doubted, that it was competent for the debtor to show what directions he had given, at the time of making the payment, as to the application of such payment? The same principle applies to the offer to prove the contents of the receipt, which had been shown to be lost; and the fact that Latimer dictated the terms of the receipt, cannot affect the question. We think, therefore, that these exceptions are well taken. Of course, we are not to be understood as holding that whatever the defendant may have said as to the amount to be applied to the professional services in the matter of the Greer judgment, should be conclusive, for we are considering the *competency* of the testimony, and not its force and effect. We suppose that, under the terms of the agreement upon which the action was based, the defendant could only claim credit for any expenses *reasonably* incurred, and not *any* expense which he may have chosen to pay; and that it would be for the jury to say whether the expense incurred was reasonable and proper.

Our next inquiry is as to the question of *nudum pactum*, raised by the seventh and eighth exceptions. It appears

that the question as to whether the agreement upon which the action was based was *nudum pactum*, was raised for the first time by one of the counsel for defendant in his argument before the jury, in response to which counsel for plaintiff contended that want of consideration was an affirmative defense, and must be specially pleaded. The Court having held that the position contended for by plaintiff's counsel was well taken, counsel for defendant moved to amend the answer so as to plead *nudum pactum*, which motion was refused. The seventh exception imputes error in this ruling, and the eighth exception charges error in not instructing the jury that the agreement was not binding, unless based upon a valuable consideration. It will be observed that the agreement set out in the complaint as the basis of the action states no consideration for the promise therein contained. That agreement, lacking some of the essential elements of a promissory note, and not being under seal, does not of itself import a consideration; and hence, it would seem that, according to the rules of pleading, a consideration should have been averred and proved. There is nothing either in the pleading or the evidence to suggest why Latimer should have promised to pay the plaintiff the sum of money therein mentioned, expressed to be "*my* third" of the proceeds of a certain compromise of another claim, with which, so far as appears, the plaintiff had no connection, less the expenses incurred by him in another matter. It seems to us that this was a very proper case in which defendant might have claimed that the promise, for the breach of which he was sued, was without consideration, and, therefore, created no *legal* obligation enforcible by action, without specially pleading such a defense. For, if the agreement did not, on its face, import a consideration, and none was either alleged or proved, then the real defense was that the plaintiff had failed to make out all the material facts of her case necessary to a recovery, and was not, in fact, an affirmative defense. If a consideration was necessary to give the promise upon which

plaintiff relied any legal or binding force, then surely the defendant might, by way of defense, rely upon the fact that plaintiff had failed either to allege or prove one of the elements material and necessary to the maintenance of the action, without specially pleading such defense, because it was negative rather than affirmative in its character. It may be quite possible that if the plaintiff's action had been based upon an agreement, which, upon its face, imported a consideration, as, for instance, a promissory note, then, as it would be unnecessary in such a case to either allege or prove a consideration, it might be necessary to plead specially a want of consideration, before defendent could avail himself of the benefit of such a defense. But this is not such a case. These views are not without the support of authority, as may be seen in 4 Encycl. of Plead. & Prac., 946. The case of *Derry* v. *Holman*, 27 S. C., 621, more fully reported in 2 S. E. Rep., 841, cited by counsel for respondent, is not in point, for there the action was based upon a promissory note, which imported a consideration, and the effort was to set up a *failure*, not a want a consideration, without pleading such a defense in the answer, which, it was held, could not be done. Here, however, the effort was to set up a want of consideration as a defense to an action based upon an agreement, which did not import a consideration. The difference, it seems to us, is obvious. It seems to us, therefore, that the point raised by these exceptions is well taken; though we could not sustain the eighth, standing by itself, for the reason that the Circuit Judge was not requested to charge, as it is claimed in that exception, he should have charged. But as the Circuit Judge had already ruled that the want of consideration could not be set up as a defense, because not specially pleaded, it would have been useless to request such a charge.

From what has already been said, we do not think that either the ninth or tenth exceptions can be sustained. It was clearly a question of fact for the jury to determine what was the expense reasonably incurred by

Latimer in protecting himself from the attempt to charge him with the amount of the Greer judgment.   No amount was fixed, and hence the rule is well settled that the jury must fix what, in their judgment, under all the circumstances, would be a reasonable amount.   We are unable to see how it could be regarded as a question of law.

The only remaining question is that presented by the eleventh exception—whether plaintiff was entitled to interest.   Upon this point the jury were instructed to calculate the interest on $335 from the 2d of May, 1890, the date of the agreement, and then deduct what they might think was a reasonable amount to be allowed defendant for the expenses incurred by him in protecting himself against the effort to charge him with the Greer judgment; and this instruction is the basis of the last exception.   Before considering the general question, as to whether this claim is an interest-bearing demand, it will be proper to dispose of the position taken by counsel for respondent, as to the effect of the pleadings upon this question.   In his argument here, he says: "But for defendant's admission that the amount claimed, with interest from May 2, 1890, was due to plaintiff, the discussion of this question would be more difficult than it is."   This remark is, we think, based upon a misconception of the pleadings.   While it is quite true that, in the third paragraph of the complaint, it is alleged, "that defendant has paid no part of said sum of $335, and the same with interest, at the rate of seven per cent. per annum, from May 2, 1890, is due plaintiff," the allegations of which paragraph are admitted in the amended answers, yet the well settled rules of Code pleading is, that allegations and admissions in the pleadings relate only to matters of *fact*, and do not embrace propositions of *law;* and it seems to us that the statement in the third paragraph of the complaint, that "the same, with interest, at the rate of seven per cent. per annum, from May 2, 1890, is due plaintiff," is a mere statement of a *conclusion of law* and not the allegation of *any fact.*   See *Addison* v. *Dun-*

*can*, 35 S. C., at page 172, where it is said: "As to the allegation that the whole amount is still due, that is more a statement of a conclusion of law than an allegation of fact." It seems to us, therefore, that the question must be considered on its merits, disembarrassed by any supposed effect of the pleadings. It will be observed that, in this case, there was no promise to pay any *definite* sum of money at any *specific* time, for the sum to be paid was to be dependent upon the expense incurred by the defendant in defending himself against the attempt to charge him with the Greer judgment. Indeed, there was no promise to pay at all, except upon a contingency, which had not happened at the date of the agreement, and which, so far as then could be seen, might never happen at all; and it seems to us clear that there was error in instructing the jury that the plaintiff was entitled to claim interest upon *the whole amount* named in the agreement *from its date*, for that would be making the defendant liable for interest on a greater sum than the defendant agreed to pay in *any* contingency; for, by the express terms of the agreement, defendant was only liable for so much of said sum as would remain after deducting therefrom the expense incurred in defending himself against the Greer judgment, the amount of which deduction had not, and could not have, been ascertained at the date of the agreement; and whether defendant should be liable for any part of the sum of money mentioned in the agreement, depended upon the contingency whether defendant would be successful in resisting the attempt to charge him with the Greer judgment, which had not then, and could not then have, been determined. It may be that on the new trial which will be ordered that the plaintiff may be able to show that the sum of money mentioned in the agreement really belonged to the plaintiff, and was received by the defendant for her use; and, if so, then the plaintiff would be entitled to interest, as it is well settled in this State that one who receives money to the use of another is liable for interest on the same.

*Goddard* v. *Bulow*, 1 N. & McC., 45; *Barrelli* v. *Brown*, 1 McC., 449; *Marvin* v. *McRae*, Cheves, 61; *Kimbrell* v. *Glover*, 13 Rich., 191; *Ancrum* v. *Sloan*, 2 Sper., at page 595, where Frost, J., after saying that it was necessary for the allowance of interest that the sum due, and the time when payable, should be ascertained, adds these words: "Interest has also been allowed on liabilities to pay money, though not in writing, if the sum is certain, or capable of being reduced to a certainty, from the time when, either by the agreement of the parties or the construction of law, the payment was demandable, as in cases of money had and received" for the use of another, &c. The case of *Witte* v. *Clarke*, 17 S. C., 313, cited by counsel for respondent, we do not regard as in point; for there the Court treated the transaction as practically a loan of money, which, of course, in the absence of any agreement to the contrary, would bear interest from the time the money was loaned. But we do not see that there is anything, either in the pleadings or the evidence as now presented in this case, to justify this Court in regarding the transaction here in question as presenting a case of money had and received by the defendant for the use of the plaintiff; as would have been said, under the former system of pleading, there is no count for money had and received; and as may be now said, there is no allegation in the complaint, and no evidence to show, that such was the nature of the transaction. But even if the action could be regarded as an action for money had and received, we still think there was error in instructing the jury, that the plaintiff was entitled to interest *on the whole amount* mentioned in the agreement, *from its date;* for, as said by Frost, J., *supra,* interest should be allowed "*from the time when, either by the agreement of the parties or the construction of law, the payment was demandable.*" Now it is quite clear, from the terms of the agreement, that the plaintiff could not demand payment of any part of the sum mentioned, until it was ascertained that the defendant had been successful in defending himself

against the attempt to charge him with the Greer judgment; even then she could not demand payment of the whole amount mentioned in the agreement, but only for so much thereof as might remain after deducting the expense incurred by defendant · in defending himself against such attempt.   So that in no event could the defendant be liable for interest except upon the balance remaining after such expense was deducted, and then only from the time when the amount of such liability was ascertained. But as it does not appear from the "Case" as prepared for argument here, that either the amount due has been thus ascertained or the time when such liability accrued, fixed, we could not, even if there were nothing else in the case, order a new trial *nisi.*

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.