7354

HEIDEN v. ATLANTIC COAST LINE R. R.

1. PLEADING—GENERAL DENIAL—BAGGAGE—WAREHOUSEMAN. — Under general denial in action for loss of baggage evidence that at time of fire the carrier held the baggage as warehouseman and it was destroyed without negligence on its part, is inadmissible, and it is not error to refuse motion, after evidence is in, to amend answer by setting up defense of warehouseman, especially after it had been offered opportunity to amend before trial on terms.

2. CHARGE.—Remarks of Judge during taking of evidence, that jury knew pretty well why the wife would give the check for her baggage to her husband, is not an expression of an opinion on a material fact.

Before WATTS, J., Clarendon, September, 1908. Affirmed.

Action by M. Heiden against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. J. T. Barron* and *Purdy & O'Bryan,* for appellant. *Messrs. Purdy & O'Bryan* cite: *Under general denial carrier should be allowed to show loss by fire:* 7 Rich., 162; 3 S. C., 103. *Testimony having been admitted, carrier should have benefit of it before jury:* 1 McM., 494; 52 S. C., 196.

*Mr. A. Levi* and *Charlton DuRant,* contra. *Mr. DuRant* cites: *Warehouseman is an affirmative defense:* 34 Mo. App., 675. *Motion, once denied, should not be renewed on*

*same state of facts:* 28 Cyc., 18, 19; 5 Hunn., 624; 1 Barb., 72; 30 How. Pr., 339.

November 1, 1909.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   On February 8, 1907, plaintiff became a passenger on the defendant's railroad from Manning to Sumter, and delivered to defendant, at Manning, her trunk, and received a check therefor.   Some time thereafter she demanded the trunk, but defendant failed to deliver it.   She sued for the value of the trunk and its contents.   The answer was a general denial.

Before the trial defendant moved for leave to amend its answer by setting up the relation of warehouseman to the trunk, and alleging that it was destroyed by fire in its station at Sumter, without fault on its part.   The motion was granted on terms, to wit, the payment of twelve dollars' costs to plaintiff.   The defendant did not avail itself of the leave granted to amend, and went to trial on its general denial.

At the trial the defendant introduced testimony, without objection, tending to show that the trunk was destroyed by fire on February 24th, at its station in Sumter, without fault on its part, after it had remained there, uncalled for, since February 8th.

At the conclusion of the testimony plaintiff's attorney was asked to state his contentions before proceeding with the argument.   He stated that he would take the position that defendant was liable as a common carrier, and could not avail itself of the evidence which had been introduced tending to show the relation of warehouseman, and the destruction of the trunk by fire, without negligence on its part.   The defendant's attorney moved for leave to amend the answer to conform to the facts proved.   His Honor refused the motion in a written order, in which he stated that, defendant having failed to avail itself of the privilege

granted to amend on terms, the motion did not appeal strongly to his descretion. The defendant's attorney contended: 1. That the testimony was admissible, under the general denial; and 2. That, having introduced, without objection, the defendant had a right to the benefit of it. Both contentions were overruled. The verdict and judgment was for plaintiff, and defendant appealed.

In the case of *Fleischman* v. *Ry.,* 76 S. C., 237, 56 S. E., 974, 9 L. R. A. (N. S.), 519, this Court had under consideration the question, upon whom was the burden of proof of negligence in cases where it appeared that property was lost or destroyed while in the possession of a bailee, as warehouseman. It was held in that case, that when the bailor proves delivery to the bailee, and his failure to return, according to the contract of bailment, a *prima facie* case is made out, and the burden is on the bailee to prove that he has not converted the property. This he may do by showing its loss or destruction, whether by theft, fire, or otherwise, and that its loss or destruction was not due to his negligence. The same principle was announced in the case of *Brunson* v. *Ry.,* 76 S. C., 9, at page 14, 56 S. E., 538, 9 L. R. A. (N. S.), 577n. The manner of the loss or destruction is, therefore, an affirmative defense, based upon new matter, somewhat in the nature of a confession and avoidance under the common law practice, and it must be pleaded. The object of pleading is to make the issues which the parties must be prepared to meet at the trial. The rule is well settled that the burden of proof is upon the party who makes an allegation of fact. The converse of the proposition is likewise true. He, upon whom rests the burden of proof, must make the necessary allegation. The general rule is also well settled that, under a general denial, only such testimony is relevant as tends to disprove the allegations of the complaint. As stated above, the evidence which the defendant sought to avail itself of did not tend to disprove a single allegation of the complaint, but tended to show a state of facts under which it would be relieved of

liability, even if the allegations of the complaint were all true. Therefore, it was not admissible, under the pleadings. Pom. Rem., sec. 673.

This rule operates to prevent surprises. If the defendant had alleged the destruction of plaintiff's trunk by fire, without negligence on its part, and had introduced evidence to prove that defense, the plaintiff would have had the right, in reply, to introduce evidence tending to rebut the defendant's evidence, and, presumably, would have come to the trial prepared to do so. But unless the manner of the loss had been alleged in the answer, the plaintiff would not have been informed what defense she was to meet—whether her trunk had been lost by fire, by theft, by destruction in a wreck, or otherwise.

The learned counsel for appellant makes the point that the rule is, that incompetent testimony, admitted without objection, becomes competent; and, as the testimony tending to establish the defense of loss by fire, without fault of defendant, was admitted without objection, the defendant should have been allowed to argue that defense to the jury.

There is no doubt that the rule is as stated by counsel, but there is a difference between incompetent testimony, admitted without objection, and irrelevant testimony so admitted. On the trial of issues of fact in the courts, it frequently, and almost necessarily, happens that a great deal of irrelevant testimony is admitted, because the trial Judge cannot decide the relevancy of testimony until he hears it, and for other reasons not necessary to mention. But it is, nevertheless, the duty of the trial Judge to confine the issues submitted to the jury to those made by the pleadings. And there was no error in his Honor's refusing to submit the special affirmative defense in this case to the jury.

The next question is: Did his Honor err in refusing defendant's motion to amend the answer to conform to the facts proved? Section 194 of the Code provides that such an amendment may be allowed, "when the amendment does not change substantially the claim or defense." It can-

not be seriously contended that the amendment asked for would not have materially changed the defense. In fact, it would have been allowing an entirely new defense.

In *Derry* v. *Holman,* 27 S. C., 621, the defendant interposed a general denial to an action on a note. At the close of the testimony he offered to prove failure of consideration. The Court ruled that he could not do so, under the general denial. He then moved to amend his answer, setting up that defense. The motion was refused, the Judge saying: "If you had made this motion at the first calling of the docket, or even this morning, stating the reason why, or indicated that you were disabled, I would have seen my way clear to have indulged it; but now, after the case has gone to the jury, it seems to me, on the spur of the moment. I should have no hesitation at all." *Held,* no error. In this case the defendant had been given leave to amend its answer before the trial was entered upon. It deliberatly declined to avail itself of the privilege, and we think his Honor was right in refusing its motion at that stage of the case, and under those circumstances. Moreover, this Court had frequently held that the amendments provided for in section 194 of the Code are, by the terms of that section, within the discretion of the Circuit Judge, and that it will not interfere unless it is made to appear that the discretion has been abused.

When the plaintiff was being examined, her attorney asked what she did with the check for her trunk when she got to Sumter. The record shows the following:

"Q. Did anybody else have this check in Sumter? A. Yes, sir; Mr. Heiden carried the check. Mr. Purdy: Object. Court: She can state if she gave it to Mr. Heiden, and if he had it, but what he did with it she can't tell. Mr. DuRant: May I ask if she gave it to him for the purpose of asking for it? Court: I don't think she can say what she told him, but that jury knows pretty well what she gave it to him for."

The appellant's fourth exception makes the point that the above quoted remark of the Judge was an expression of opinion as to a material fact in the presence of the jury. We do not think so. It was merely a statement that the jury were capable of drawing the proper inference from the fact that she gave her husband the check, why she gave it to him. There is no intimation to be gathered from the remark, why his Honor thought she gave it to him. But, from the view which we have taken of the case, it was not a material matter when the plaintiff demanded her trunk; because, as we have shown, the special defense was properly ruled out.

Judgment affirmed.