9650

SKUDOWITZ v. BASHA *ET AL.*

(91 S. E. 868.)

1. SALES—ACTIONS FOR PRICE—EVIDENCE.—In an action on open account for the price of ladies' dresses sold and delivered, defendants' evidence that the goods were defective in material and workmanship was admissible under the general denial to disprove plaintiff's allegation of value, not being an affirmative defense by way of confession and avoidance, but going to disprove a material allegation of the complaint.

2. SALES—ACTION FOR PRICE—EVIDENCE.—In an action on open account for goods sold and delivered, evidence that defendants had attempted to rescind the contract by returning part of the goods and tendering payment for the part retained was inadmissible under the general denial; the matter being new, constituting an affirmative defense.

3. PLEADING—AMENDMENT DURING TRIAL.—The trial Court had power to allow amendment of the answer to conform to the facts adduced on trial, even though it might have been necessary to withdraw the case from the jury and continue it to prevent prejudice to plaintiff.

4. PLEADING—AMENDMENT DURING TRIAL—ABUSE OF DISCRETION.—The refusal to allow defendants to amend their answer to conform to the facts adduced on trial was not an abuse of the trial Court's dis-

cretion, especially where, if the evidence was offered merely to reduce the amount of plaintiff's recovery as the value of the goods, the amendment was unnecessary to support it, and where, if the evidence was to defeat plaintiff's cause of action entirely under the claim that the sale had been rescinded, there was no showing by defendants of surprise; that they intended to make the defense and believed their answer sufficient.

Before Hon. EDWARD McIVER, special Judge, Charleston, April, 1916.    Reversed.

Action by I. B. Skudowitz against F. N. Basha and others. From a judgment for plaintiff, defendants appeal.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for appellants, cite: *As to issue raised by pleadings:* 100 S. C. 389; 2 Ency. Pl. & Pr. 1005 and 1376; 4 Cyc. 353-355; 9 Cyc. 733, 737.    *Want of consideration:* 27 S. C. 621; 47 S. C. 176; 4 Enc. Pl. & Pr. 946; Pom. Code Rem. (4th ed.), 812; 1 N. & McC. 189; 1 Brev. 230.    *Amendment:* 96 S. C. 18, 21; 101 S. C. 527.

*Messrs. Mordecai & Gadsden & Rutledge* and *Legge & Allen,* for respondent.

March 22, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action on open account for goods (ladies' dresses) sold and delivered to defendants.    Plaintiff alleged that the goods were reasonably worth $290.00, and that defendants were indebted to him in that amount for them. The answer was a general denial.    At the trial defendants offered to prove that the goods were defective in material and workmanship.    The evidence was excluded as inadmissible under the general denial.    Defendants then asked leave

to amend their answer to conform to the facts adduced. The ·motion was refused, and a verdict was directed for plaintiff for the full amount sued for.

The evidence offered was clearly admissible under the general denial to disprove plaintiff's allegation of value. It was not an affirmative defense, by way of confession and avoidance, but went to disprove a material allegation of the complaint. *Lyles* v. *Bolles,* 8 S. C. 258; *McElwee* v. *Hutchinson,* 10 S. C. 436; Pom. Rem., sec. 673, *et seq.* The case of *Derry* v. *Holman,* 27 S. C. 621, 2 S. E. 841, relied upon by respondent, is not in point, because that was an action on a note, which *prima facie* imports a consideration, and it was properly held that failure of consideration was new matter, which could not be proved under a general denial. Pom. Rem., sec. 709.

In this view of the case, it is, perhaps, unnecessary to consider the assignment of error in refusing defendants' motion to amend, except in so far as the evidence offered tended also to prove that defendants had attempted to rescind the contract by returning part of the goods and tendering payment for the part retained. This, of course, was new matter, constituting an affirmative defense, evidence of which was inadmissible under the general denial; and therefore, if defendants intended to rely upon that defense, they could not have done so, without amending their answer.

While amendments are largely in the discretion of the trial Court, that discretion should not be arbitrarily exercised, either in granting or refusing such motions, but it should be exercised so as to prevent surprise and promote justice, especially since the Court may impose "such terms as may be proper," and ordinarily thereby provide against unjust consequences.

It is not clear whether the amendment was refused because the trial Judge thought he had no power to allow it, or

because he did not think its allowance would be a proper exercise of his discretion.   In response to the motion he merely said: "I cannot allow an amendment at this time."   It is needless to cite authority to show that the Court had power to allow the amendment at that stage of the trial, even though it might have been necessary to withdraw the case from the jury and continue it, to prevent prejudice to the opposite party.   *Koennecke* v. *Railway,* 101 S. C. 86, 85 S. E. 374.

If, on the other hand, it was refused in the exercise of the Court's discretion, we are not prepared to say that it was so clearly an erroneous exercise of discretion as to warrant the interference of this Court, especially as defendants did not make it clear to the Court what amendment they wanted, whether it was merely to the extent necessary to let in the evidence offered to reduce the amount that plaintiff might recover as the value of the goods, or to defeat his action entirely under the claim that the sale had been rescinded.   If the former, it was unnecessary, as we have said; if the latter, it may have been properly refused at that stage of the trial, in the absence of any showing by defendants of surprise; that is, that they really intended to make that defense, and honestly believed their answer sufficient to admit evidence to support it.

Judgment reversed.