12000

PLANTERS' FERTILIZER & PHOSPHATE CO. v. BRADBERRY

(133 S. E., 436)

1. BILLS AND NOTES.—Defense of payment of note does not allow introduction of testimony to show failure of consideration.

2. NEW TRIAL.—Granting or refusing of motion for new trial is largely in discretion of trial Judge, where testimony was sufficient to support verdict.

3. TRIAL.—Circuit Judge has duty to inform jury of issues made by pleadings.

4. BILLS AND NOTES—COURT PROPERTY CHARGED JURY THAT DEFENDANT DENIED EXECUTION OF NOTE AND ALLEGED PAYMENT, WHERE

ANSWER WAS GENERAL DENIAL WITH AMENDMENT PLEADING PAY-
MENT, ALTHOUGH DEFENDANT'S TESTIMONY ADMITTED EXECUTION.—
Where answer to action on note was general denial with amendment
pleading payment, the Court properly charged jury that defendant
denied execution and alleged payment, although defendant admitted
execution of note in his testimony.

5. PLEADING.—Pleas interposed by defendant are not changed because
he testifies at variance with statements in answer.

Before SHIPP, J., Abbeville, October, 1924.   Affirmed.

Action by the Planters' Fertilizer & Phosphate Company
against J. W. Bradberry.   Judgment for plaintiff, and de-
fendant appeals.

*Mr. J. Howard Moore* for appellant.

*Mr. J. M. Nickles,* for respondent, cites:   *Failure of con-
sideration must be pleaded:*   27 S. C., 221.

May 28, 1926.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

This action is on a promissory note, alleged to have been
executed and delivered by the defendant to the plaintiff.
The complaint was in the usual form, setting up the execu-
tion and delivery of the note and nonpayment.   The answer
as first put in was a general denial.   When the cause was
called for trial, the defendant requested that he be allowed
to amend his answer by pleading payment of the note.
This motion was allowed without objection.   The verdict
of the jury was for the full amount claimed in the complaint.
From the judgment entered thereon, the defendant has ap-
pealed.

It appears from the record that the real consideration of
the promissory note was fertilizer sold by the plaintiff to the
defendant.   In the trial, defendant offered testimony tend-
ing to show that he did not receive the full amount of ferti-
lizer claimed to have been delivered to him by the plaintiff.
The presiding Judge refused to allow this testimony, as

there was no defense of failure of consideration. Such refusal is made the basis of the first exception.

The defendant moved for a new trial for the reason, as it was contended, that the evidence in the case showed that the defendant had paid the plaintiff for all the fertilizer purchased. This motion was refused.

In the exception numbered 4, which should have been numbered 3, complaint is made that the trial Judge erred in charging the jury as follows: "The defendant denies that he executed this note, and his other defense is that he paid it." The error complained of is that, while in his testimony the defendant admitted that he executed the note, yet he testified that he had made payment; and for that reason the charge was misleading to the jury and prejudicial to the defendant.

The facts in this case are practically identical with those in the case of *Derry v. Holman,* 27 S. C., 621; 2 S. E., 841. In that case, which was a suit on a promissory note, the answer was a general denial. The defendant attempted to introduce evidence of a special defense, in substance the failure of consideration, the defense which he wished to establish being that the note given by him had been upon the consideration of short shipments in cotton. The testimony was excluded by the Court on the ground that the answer had not raised such question. This Court approved the ruling made. The case of *Derry v. Holman* was referred to with evident approval by Mr. Justice Hydrick in *Skudowitz v. Basha,* 106 S. C., 541; 91 S. E., 868, when he stated that in an action on a note, which *prima facie* imports a consideration, it was properly held that failure of consideration was new matter, which could not be proved under a general denial.

The defense that payment of the note had been made would not allow the introduction of testimony going to show a failure of consideration. The two defenses are entirely distinct and separate.

There was sufficient testimony to support the verdict of the jury, and the granting or refusing of the motion for a new trial was largely in the discretion of the trial Judge.

The Circuit Judge was correct in his statement to the jury that the defendant had denied the execution of the note, because the general denial of his answer denied such execution. His statement of the other defense, that payment had been made, was also correct, because at the request of the defendant the answer had been amended to set up payment The record shows that at the conclusion of the charge the counsel for the defendant made this statement: "The defendant doesn't deny that he executed two notes." To this the Circuit Judge replied: "The answer says that he denies it. I am going by the pleadings. Do you mean that he admits that he executed the note?" The counsel stated: "He admits these two notes." Thereupon the Court remarked: "If he has executed this note, he is bound to pay it, and it is up to him to show you that he has paid it."

At no time was the Court requested to allow the defendant to plead failure of consideration. It was the duty of the Circuit Judge to inform the jury as to the issues made by the pleadings, and his statements as to these were proper. The fact that the defendant testified at variance with the statements contained in his answer did not change the pleas which he had interposed.

We see no error.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. JUSTICE COTHRAN: I concur upon the ground that the action was upon a promissory note which imported a consideration; the defense of failure of consideration was inadmissible under a general denial. *Greer v. Latimer,* 47 S. C., 176; 25 S. E., 136. *Heiden v. Railway Co.,* 84 S. C., 117; 65 S. E., 987.