MILLER *et al.* v. SCHUYLER *et al.*

Upon an appeal from an order granting a new trial the judgment cannot be reversed unless the Case negatives any inference that the court below may have granted the new trial because it came to a different conclusion upon the facts from that found on the original trial.

The party defeated must go down to a new trial unless he can show, by a statement of the facts considered as established at general term, that the judgment was founded upon an erroneous conclusion of law.

APPEAL from the Supreme Court. The action was to compel a transfer to the plaintiffs of 562 shares of stock of the Illinois Central Railroad Company wrongfully transferred, as was alleged, to Robert and George Schuyler, or to recover the premium which the stock bore at the time of the transfer. The plaintiffs claimed, under an assignment from the Schuylers of a portion of the original capital stock, that they were entitled to a proportionate share of the additional stock subsequently issued by the company, and which, according to the terms of the resolutions authorizing its issue, was to be distributed among the holders of the original shares. The Schuylers, who had received the larger portion of the additional stock to which the plaintiffs claimed to be entitled, contended at the trial that the assignment of stock by them to Miller was, though in form absolute, only as security for a loan of money. The plaintiffs had judgment at special term. The court, at general term in the first district, granted a new trial; but no statement was made of the facts there considered as established. The plaintiffs appealed to this court.

*Joshua Coit,* for the appellants.

*Daniel Lord,* for the respondents.

JOHNSON, Ch. J. The plaintiffs in this case have appealed from an order of the Supreme Court at general term granting a new trial on the defendants' appeal from a judgment rendered for the plaintiffs at special term. In order to entitle themselves to bring an appeal in that stage of the suit they gave the stipulation required by the Code, that if the order should be affirmed judgment absolute should be rendered against them. The defendants on their appeal to the Supreme Court were at liberty to urge, and appear to have urged, that the decision of the special term was wrong as to the fact as well as to the law, and either

ground, if sustained, was sufficient to require a new trial to be ordered. As to the fact, however, there can be no review of the decision of the Supreme Court in this court, and therefore in this class of cases it becomes our duty to consider whether the Case affords us satisfactory grounds for saying that in granting a new trial the general term erred in matter of law. If we find that there was a question of fact involved in the decision at special term, and that the order for a new trial may have proceeded upon the ground that such question was wrongly determined, then we cannot say that an error in law has been committed in granting a new trial. (*Hoyt* v. *Sheldon*, 19 *N. Y.*, 207.)

The plaintiffs by their complaint claimed to be purchasers of the stock in question for a valuable consideration. The defendants controvert the claim of the plaintiffs as purchasers, and set up that the transaction between the parties was one of loan, and in substance that whatever right to the stock in question the plaintiffs received, they took upon and as a bonus for a loan in addition to an engagement to repay the same with interest. This is, in my judgment, a sufficient statement of usury to enable the parties to avail themselves of it under the present forms of procedure. It is not in terms called corrupt, nor named usury in the pleadings, but the facts making out usury are stated with all the requisite certainty to enable the other party to know the facts he will be called on to meet.

The plaintiffs have, in fact, received back the amount loaned, with interest and three hundred shares of stock in addition, of the value of over $10,000, and the present suit is to recover over $20,000 more, being the value of further stock which, as they claim, ought to have been transferred to them.

The evidence in the case leaves no doubt on my mind that the defendants' version of the transaction is the true one. The papers which passed between the parties are in proof, and the coincidence in time of the original loan and the agreement in respect to the first one hundred and fifty shares, and also of the first renewal and the agreement for the second one hundred and fifty shares, coupled with the absence of any evidence to

show that there existed any independent consideration for these transfers other than the formal words, "for value received," present a case on which the general term may well have differed from the judge at special term in regard to this question of fact. Our duty, therefore, is to affirm the judgment. The true course for the plaintiffs to have followed would have been to have submitted to the new trial, and then if unsuccessful to have appealed. Having chosen to stipulate in accordance with the statute they must abide the consequences.

All the judges concurring,

Judgment absolute against the plaintiffs.