HEARD NOV. TERM, 1871.

## MASSEY *vs.* ADAMS.

The Supreme Court has no jurisdiction on appeal to reverse an order of the Circuit Judge, granting a new trial by the Jury upon a question of fact.

Where lapse of time is relied upon, as raising the presumption of a conveyance as against minors claiming the land as heirs of the owner who is alleged to have made the conveyance, the period of minority must be deducted, and if twenty years do not remain the presumption does not arise.

BEFORE THOMAS, J., AT LANCASTER, APRIL TERM, 1871.

Trespass to try title. The case is recited in the order appealed from, which is as follows:

"The plaintiffs in this action are the children and sole heirs at law of Amelia V. Hooper, deceased. Their mother, the said Amelia V. Hooper, upon the death of a former husband, Dr. Franklin Massey, became entitled under his will, to the land (445 acres) now in dispute. The plaintiffs and the defendant both claim to derive title from her—the plaintiffs as heirs at law by descent, and the defendant by purchase.

"On the 24th day of November, 1845, the said Amelia V. and Dr. Edward J. Hooper, in contemplation of their intermarriage, which occurred soon after, entered, it seems, into a contract, under seal, in Lowns County, Alabama, by which the said Edward J. promised and agreed, on the occurrence of the marriage, to convey by deed all of the estate, both real and personal, of the said Amelia V., to Samuel B. Massey, of Lancaster, S. C., since deceased, " to have and to hold the said property, both real and personal, to be deeded as aforesaid, as trustee for the said Amelia V. Massey, for her sole and separate use and behoof, subject to her discretion (query, direction) and control, free from all debts, liabilities or incumbrances of the said Edward J. Hooper, whatsoever." But it does not appear that, in pursuance of this contract, any such deed was ever executed by said Edward J. Hooper.

"On the 7th day of January, 1850, the said Samuel B. Massey, professing to act as attorney in fact of the said Edward J. Hooper and wife, executed (without reciting in what manner authorized) a deed of conveyance of the land in question, in their names, to one James Faulkner. But it does not appear that he was authorized by deed or power of attorney to make the conveyance; nor does it appear that Mrs. Amelia V., the wife, ever relinquished her right

of inheritance in the land. The deed to Faulkner was not produced, but the record thereof in the Register's office is unaccompanied by any such power or relinquishment of inheritance.

"After their marriage, it seems, Dr. Hooper and wife lived on the land for about two years, and then removed to North Carolina, where they were residing in 1850, when the deed to Faulkner was executed. Dr. Hooper died some time in that year, (1850,) and his widow having survived him until October, 1851, died in Alabama, leaving her children, the plaintiffs, all infants, the eldest not having attained the age of twenty-one years until December, 1861, and the remaining two being still infants at the time this action was commenced. It appears that the execution of the deed to James Faulkner was followed by possession of the land by him, which continued up to the time of his death, the date of which is not fixed by evidence. After his death it was sold by his executors and purchased by the defendant, John Adams, to whom a deed of conveyance was executed, dated February the 19th, 1863.

"After Dr. Hooper and wife removed from this State, Mr. S. B. Massey appears to have acted as their general agent. The defendant, or rather the executor of James Faulkner, who had been vouched, relied on the presumptions arising from the marriage agreement, the lapse of time, the conduct of Mr. Massey, and upon Faulkner's possession of the land to support his claim.

"I thought, and so instructed the jury, that these were insufficient to amount to evidence that Mrs. Hooper had ever been divested of her title to the land; and inasmuch as the infancy of the plaintiffs protected them against any right Faulkner might have acquired by his possession, they should find a verdict for the land in favor of the plaintiffs. They, nevertheless, found for the defendant, and the plaintiffs made this motion for a new trial. After hearing argument on the motion, I am still of opinion that the verdict is unsupported by evidence, and the motion must prevail.

"I further instructed the jury that the presumption arising from twenty years' lapse of time, that anything which ought to have been done to perfect a title should be presumed to have been done, was answered by the production of the deed from S. B. Massey, under which defendant claimed, according to their own testimony; that the title could not pass in that way, and only could have passed by the intervention of a Court of Equity.

"It is, therefore, ordered that a new trial be granted, and verdict heretofore rendered be set aside.

The defendants' attorneys excepted to the order, and now moved this Court to set aside the same:

1. Because the lapse of time since the date of the marriage settlement between the said Amelia V. and Dr. E. J. Hooper, executed in Lowns County, Alabama, on the 24th day of November, 1845, whereby the land in dispute was to become vested in the said S. B. Massey as trustee for the said Amelia V., accompanied by the subsequent possession of Massey, Faulkner and Adams, are sufficient in law to authorize the presumption that Hooper and wife did execute to S. B. Massey, under the terms of the marriage agreement, such a deed as authorized the said S. B. Massey to convey a good title to the said James Faulkner, in the manner in which he did convey.

2. Because, under the circumstances of this case, the law will authorize the presumption of the execution of any paper necessary to protect the title of the defendant.

3. Because, after such a lapse of time, and the circumstances of the case, a ratification of the deed of S. B. Massey to Faulkner may be presumed to have been made by Mrs. Hooper after the death of her husband.

4. Because, the terms of the said marriage agreement being that the said S. B. Massey should hold the land subject to "the direction and control" of the said Amelia V., the authority of the latter to convey, as may be implied from the circumstances, was sufficient to render valid the conveyance from Massey to Faulkner as made.

5. Because, the legal estate in the said land, being, by the terms of the said marriage agreement, vested in the said S. B. Massey, the subsequent conveyance of the land by Massey is valid in law, and the plaintiffs cannot, *in this Court*, seek to question or to set aside the same.

6. Because his Honor, the presiding Judge, erred in asserting "that the infancy of the plaintiffs protected them against any right Faulkner might have acquired by his possession" of the land in dispute.

7. Because twenty years' adverse possession (or a less time with circumstances) by Faulkner and Adams, is sufficient in law to raise a presumption of title, even as against infants; and the testimony of Mrs. Faulkner, that her husband *purchased* the land in 1848; and the testimony of John Short, that Faulkner *had* the land in 1849, was sufficient to warrant the jury in believing that Faulkner

and Adams had actual or constructive possession for twenty years, or over, previous to the 8th of January, 1869, the date of the entry of this suit.

8. Because Faulkner's title was ratified by the plaintiff, B. F. Massey, at least to the extent of any interest he may have had in said land: 1st, by his implied assent to its sale as the estate of Faulkner, in November, 1862; 2d, by his becoming surety to the purchaser (Adams) for the payment to Faulkner's estate of the purchase money; 3d, by his acquiescence in the possession of Faulkner and Adams from December, 1861, (the date of his majority,) to the 8th of January, 1869, the date of the entry of this suit; and, in any event, the share in said land to which the plaintiff, B. F. Massey, may have been entitled, of right belongs to the defendant.

9. Because the testimony of A. J. Kibler, that he had delivered to Adams several papers, constituting what he believed to be a good chain of title, and the testimony of Adams that his papers were scattered, and some of them destroyed during the war; coupled with other facts in evidence going to show that the plaintiff, B. F. Massey, and the defendant, Adams, have the same interest in this action—both antagonistic to the estate of Faulkner—were sufficient, with lapse of time, to warrant the jury in presuming that Faulkner had a good title, the evidence of which had either been suppressed or destroyed.

10. Because the ruling of his Honor the presiding Judge, in granting a new trial, is, in other respects, contrary to law, and the verdict of the jury is supported both by the law and the evidence.

*Kershaw*, for appellant:

The exceptions make the points:

1. That the jury had a right to presume a power of attorney from Hooper and wife to S. B. Massey, to convey the land in dispute to James Faulkner, in the manner that he did, and that Mrs. Hooper relinquished her inheritance in proper form during coverture, or released the same after the death of her husband.

2. That the jury had the right to presume that the land was conveyed to Massey, according to the terms of the marriage contract, and that one of the provisions of the presumed deed was that the land could be conveyed by Massey, as the attorney of the parties, under the direction of Mrs. Hooper.

3. That the jury had the right to presume that a deed was executed to S. B. Massey, in pursuance of the marriage agreement,

whereby the legal estate passed to Massey, and his sale to Faulkner, and the possession under it, was sufficient to vest the title to the land in defendant.

4. That the jury had a right to presume any possible circumstances necessary to perfect the title of defendant.

5. That in any event, the plaintiff, B. F. Massey, is excluded from the recovery of his share of the land, having stood by and suffered the defendant to purchase the land, and even became his surety for the purchase money.

1. James Faulkner purchased the land in question in 1848. Faulkner, probably, had it in 1849; was certainly in possession in 1850; S. B. Massey, as attorney for Hooper and wife, executed the deed under which defendant claims, January 7, 1850; Massey acted as the general agent of Hooper and wife; he had charge of the premises; he was the brother-in-law of Mrs. Hooper; the uncle and guardian of the plaintiffs; it was understood that he had power to sell the land ; Kibler, the executor of Faulkner, gave the papers appertaining to the land to the defendant, and believes they made out a complete chain of title; one of plaintiffs is the son-in-law of defendant, and now lives on the premises, and is surety to defendant's note for the purchase money ; defendant owes the purchase money, with interest from November, 1862; it is to his interest that the plaintiffs should recover. Hooper died in 1850, and his wife in October, 1851. Did these circumstances authorize the jury to presume Massey's authority and Mrs. Hooper's renunciation of inheritance or release?

The maxim "*Omnia presumuntur rite esse acta*" applies.—Broom's Legal Maxims, 729. Upon proof of title everything that is collateral to the title will be intended, (*id.*, 731.)

It is sufficient that the party who asks for the aid of this presumption, has proved a title to the beneficial ownership, and a long possession not inconsistent therewith, and has made it not unreasonable to believe, that the deed of conveyance, or other act, essential to the title, was duly executed.—1 Greenleaf's Ev., § 46.

Possession, for a length of time, ought to be left to a jury, as presumptive evidence of a grant from the State.—*Allston* vs. *Saunders*, 1 Bay, 26.

Distribution of an estate will be presumed after 20 years' possession.—*Read & Price*, Harper, 4.

After 20 years' performance of the condition of a bond, other

than for the payment of money, will be presumed.— *Ordinary* vs. *Steedman*, Harp., 286.

When one conveyed lands, styling himself executor, after 30 years' possession, the jury are at liberty to presume a will and authority as executor.—*Maverick* vs. *Austin*, 1 Bail., 59.

After 20 years' possession of land, a grant will be presumed.— *Sims* vs. *Maclean*, 2 Bail., 101 ; *Alston* vs. *McDowall*, 1 McM., 446.

The presumption, arising from lapse of time and possession, are rules of law, which, in themselves, are evidences or muniments of title, which a jury is as much bound to give effect to, as to a deed which is unimpeached. On this ground a non-suit was sustained. *Hutchinson* vs. *Harvey*, 1 Hill, 222.

Such a possession, unrebutted, is as good a title as a grant or deed.—*Alston* vs. *McDowall*, 1 McM., 446.

After such a possession, the law will presume that the tenant took possession under a grant or deed, or, " whatever may be necessary to invest him with the legal title," and the presumption is not rebutted by the production of a grant to plaintiff, within the twenty years.—*McLeod* vs. *Rogers*, 2 Rich., 22 ; *Thompson* vs. *Peck*, 7 Rich., 355.

Even an Act of the Legislature may be presumed, like a grant ; though the public records show that no such thing existed.— *McCarty* vs. *McCarty*, 2 Strob., 10.

After twenty years' separation of husband and wife, and possession under the wife's conveyance, of personal property, a post nuptial settlement was presumed, conveying the property to a trustee, for the benefit of the wife, and giving her authority to dispose of the same, as a *feme sole*. *Per Curiam,* " In this State, we presume a grant, after twenty years' possession, and intermediate conveyances even after shorter periods."—*Jones* vs. *Jones*, 3 Strob., 319.

Even where there was a minority during a great portion of the time, a deed from the person last seized was presumed from long possession. The presumption is not against the minor, but against the party last seized.— *Gray* vs. *Bates*, 3 Strob., 500.

When the fee is involved, twenty years' possession is necessary to raise the presumption of a deed, but a less time will raise the presumption of the execution of a deed pursuant to an agreement. The possession being combined with other circumstances, a less time will suffice.—*Stockdale* vs. *Young*, 3 Strob., 501 ; *Stockdale* vs. *Lee*, 8 Rich., 404.

In the former of these cases, it was held that the death of the

grantee, against whom the presumption was set up, fourteen years after the possession commenced, leaving two infant children, could not rebut the presumption of a conveyance from their deceased ancestor.

Where one entered under a bond for titles, to be made upon demand, after the obligee should have procured a plat of the premises, it was held, that several possessions under the purchase could be tacked together, to raise the presumption of a deed.—*Kimbrall* vs. *Walker*, 7 Rich., 428.

The presumption, arising from long continued possession, is a presumption of fact, to which an artificial force is ascribed by the law, and which juries are recommended to make, not because they believe the fact, but because it is wise and expedient to respect what is consecrated by time, and to give the same measure to all in the same condition, by giving effect to the fixed period of twenty years, as a rule, instead of producing the uncertainty and inequality which may result from the various impressions which circumstantial evidence makes upon various minds.—*Wadsworth Poor School* vs. *McCully*, 11 Rich., 428.

In cases where the general issue is pleaded, juries have a great latitude. They may find a deed themselves, if they know it, though not shown by either party. So they may find matter of record, though not shown in evidence; and as they may find such record, so, by parity of reasoning, they may take instruction concerning it, from any circumstances which carry the appearance of truth.—*Brown* vs. *Frost*, 2 Bay., 132.

In that case, the jury presumed a deed from its recital in another deed.

In the leading case on this subject, a grant was presumed after thirty years' possession, though the defendant produced two grants, neither of which covered the *locus in quo*.—*McClure* vs. *Hill*, 2 Mill Con. Reports, 420.

It is clear that the existence and loss of a deed may be presumed by a jury from circumstances; and the only control the Judges have over this right, is to require that there shall be some grounds to found the presumption upon, and that this ground shall not be a light and frivolous one.—*Frost* vs. *Brown*, 2 Bay., 138.

The following is a case in point: The wife of William Arthur was seized of an inheritance in land, and joined her husband in a deed of release of the same, but there was no written evidence of her having renounced her estate in the manner provided by the

Act of the Legislature. She afterwards conveyed " all her lands " to the defendant. The question, therefore, was whether the jury were authorized to presume that she had renounced her inheritance. The possession was for nineteen years. The Court held that there was sufficient ground for the presumption in favor of the title.— *Arthur* vs. *Arthur*, 2 N. and McC.

The equity cases are to the same effect.

The rule of law that the existence of a record cannot be presumed has no application to presumption from lapse of time. The interests of mankind require us to presume that the long enjoyment of a claim is rightful, and in protection of such a claim that a grant of land from the State, or, of administration from the Ordinary, or some muniment of title once existed, and if not produced, that it has been lost by devouring time.—*Sasportas* vs. *De LaMotte*, 10 Rich. Eq., 51.

Renunciation of a wife's inheritance may be presumed from lapse of time.—*Cruger* vs. *Daniel*, Riley's Ch. Cas., 153.

In the United States Courts is the rule similar. A deed may be presumed from 20 years' possession, when the statute of limitations would be no bar.—*Ewing* vs. *Burnet*, 11 Peters, 52; *Barclay* vs. *Howell*, 6 Peters, 513; *Richard* vs. *Williams*, 7 Wheat., 110; *Zeller* vs. *Erkert*, 4 How., 297.

Also, a partition will be presumed from lapse of time and possession.

These authorities equally sustain the second, third and fourth points.

As to the effect of the presumptions which would vest the legal estate in S. B. Massey, prior to the sale to Faulkner, at law, a sale by the trustee conveys the legal estate, and the title of the purchaser is not affected by the trustee having exceeded the power to sell, given by the trust deed.—*Deyly* vs. *Loveland*, 1 Strob., 46.

The legal estate being in Massey, it was barred after 10 years' possession, even if the deed did not adequately convey it.

5. B. F. Massey cannot recover his share of the land, in any event.

Where one stands by and sees his own property sold, even at law, it is held in favor of the purchaser that his conduct might well authorize the conclusion that he had assented to the sale.—Story on Agency, § 91.

Where one stood by and saw his neighbor improve land without

giving notice of his claim, it amounts to a forfeiture of his right.—
*Tarrant* vs. *Terry,* 1 Bay, 239.

*Wilie, Moore,* for respondents :

Appellant relies upon presumptions to show that the title of Mrs. Hooper to the land passed to Faulkner. 1st. Presumptions of law arising from lapse of time ; and 2d. Presumptions of fact arising from the circumstances of the case.

No presumption could arise from the lapse of time which intervened between Mrs. Hooper's death, in 1851, and the commencement of suit, by the plaintiffs, in 1869 ; for such presumption would have been in direct conflict with the Acts allowing infants ten years after attaining to the age of 21, within which to prosecute their claims to lands.—See Act of 1788, 5 Stat., 77 ; Act of 1824, 6 Stat., 77 ; see, also, *Hill* vs. *Connelly,* 4 Rich., 615.

The presumption that a conveyance of Mrs. Hooper's title to the land had been made to Faulkner, could not arise unless it is found, at least, to harmonize with the other facts proven.

1st. The antenuptial contract of Hooper and wife, entered into in 1845, imposed upon the husband alone an obligation to Massey, as trustee of the land and personal property of the wife. Even if Hooper had performed his covenant, Massey could have taken, by the conveyance, no more than a right to the usufruct of the land during the joint lives of Hooper and wife, while the fee would have still remained in Mrs. Hooper.

2d. But even conceding that Massey accepted the trust, of which there is no prof, and that Hooper could have made a deed conveying to him the fee in the land, still a presumption could not arise that Massey violated his trust by selling and conveying the land to Faulkner instead of holding it in conformity with the terms of the contract of 1845.—Best on Presumptions, marg., p. 150, Vol. 16, L. Lib., 5 Series.

3d. The attempt on the part of Massey assuming to act as attorney in fact of Hooper and wife, and in their names to convey the land, by deed, to Faulkner, in 1851, instead of aiding to raise a presumption that the legal title had passed out of Mrs. Massey, was a plain admission of the reverse.

4th. No valid conveyance could have been made of Mrs. Hooper's title, either to Massey or to Faulkner, except in the manner prescribed by the Act of 1795. But had Mrs. Hooper even relinquished her inheritance, in strict compliance with the provisions of

that Act, still, inasmuch as the certificate of such relinquishment was certainly not recorded in the Clerk's office, within six months, indeed not at all, it would have been utterly ineffectual as a conveyance of her title.—See Act of 1795, 3 Stat., 302; 1 Faust, 7; *Hillegas* vs. *Hartley*, 1 Hill's Ch., 106.

5th. The jury, in the judgment of the Circuit Judge, erred in presuming the fact to be that Mrs. Hooper's title had been conveyed to Faulkner. The Judge, therefore, committed no error in granting the new trial.—Whitaker, V. 2, pp. 790, 791; *Hyot* vs. *Thompson*, Ex'or., 19 N. Y., 212; *Miller* vs. *Schnyder*, 20 N. Y., 524.

March 16, 1872. The opinion of the Court was delivered by

MOSES, C. J. The action was trespass to try title. A verdict was rendered by the jury in favor of the defendant, and, on the motion of the plaintiffs, an order for new trial was granted by the Circuit Judges, which the appeal to this Court seeks to set aside.

The Judge, in his charge, instructed the jury to find for the plaintiffs. This direction they disregarded, and returned a verdict for the defendant.

The only question proper for our consideration, is whether there was error of law in the order granting the new trial. If it was founded, either wholly or in part, on a conclusion from the fact contrary to that of the jury, then, according to the well established principles governing the Court in regard to appeals, in which propositions of law do not arise, we cannot interfere.—*Miller* vs. *Schuyler*, 20 N. Y., 522; *Byrd et al.* vs. *Small*, 2 S. C., 388. The defense involved two positions, and if either was sustained, it was sufficient to prevent a recovery by the plaintiffs: First, a seizure in fee in the defendant, by a regular chain of title not developed on the trial, but to be presumed from circumstances in testimony as a question of fact; and, second, the presumption of whatever may be necessary to confer a good and perfect title from an adverse possession of twenty years. While the conclusion raised by the presumption in the first instance may be rebutted by evidence, that which the law makes from long possession has acquired an artificial force so strong, that it must prevail to induce belief, though such belief may not be the result of actual conviction.

We are obliged to infer that the jury either regarded the circumstances proved as sufficient to satisfy them of the execution of the proper deed and power from Hooper and his wife, or supposing that full twenty years had elapsed from the commencement of

the possession on which the defendant relied, they entirely discarded the instruction of the Judge, that the infancy of the plaintiffs protected them against the presumption which might otherwise prevail in favor of such tenure.

As this ruling of the Judge forms a ground of exception on the part of the defendant, and is so much relied on in favor of the motion he submits, it is proper that it should not be passed over without examination. As the question is purely one of law, for the purpose of the argument we will assume that Adams, the defendant, and those under whom he claims, had possession for full twenty years, before action brought. If the appellant can sustain the position that the presumption of title from possession is sufficient to avail against minors, claiming the land in their own right, and that the disability of infancy cannot protect them against such presumption, then there was error in law, on the part of the Judge.

Upon what rests the presumption of right from long possession ? It is, that the occupancy was adverse, and the forbearance of those having the legal power to interfere, is claimed as a recognition of the title presumed to have been conferred through a deed from the party last seized. An infant, however, is regarded in law as incapable of knowing or enforcing his rights. The consent or acquiescence which, in the case of an adult, may be considered as contributing to deprive him of his rights, can never be urged against an infant. To say, then, that, by not asserting his claim, he is barred by a presumption which rests on a supposed consent, is to impugn the very principle on which the disability of infancy is founded.

The cases which, in the argument, were referred to from our books, where the presumption was allowed, although the party last seized left infant children, made no issue between such children and third persons ; the Court properly held that the presumption in favor of the claimant could not be resisted by the disability which might protect the infants if they were before it. In *Gray* vs. *Bates*, 3 Strob., 502, one of the cases, O'Neall, J., delivering the opinion of the Court, says : " With this presumption, Milledge, the infant, has nothing to do. It takes nothing from him ; it operates against Jackson, who was last seized of the land in dispute. It is very true that if lapse of time be set up against an infant, it cannot have any effect until he be of full age ;" and in the other, *Stockdale* vs. *Young*, Colcock, J., says : " It is only necessary to remark that the fact of the grantees having left a son, who died in 1792, leaving two infant children, could not affect the possession, as they neither entered nor

claimed, nor in any wise rebut the presumption of a conveyance from the grantee." There seems to be no reason why the disability of infancy should operate as a protection of title to property, save in the particular instance where the minor asserts or claims it. The disability is a protection for him, and those who claim through him, not to be used for the benefit of any others.

The proposition contended for by the appellant has been decided both in the Courts of Law and Equity of this State to be without foundation.

It was held in *Riddlehoover* et al. vs. *Kinard*, 1 Hill. Ch., 378, that the possession of property for twenty years confers title as against all persons who were not under legal disabilities, and after that period a Court will presume whatever may be necessary to give efficacy to the possession. In *Gray* vs. *Givens*, 2 Hill. Ch., 514, Judge Harper, as the organ of the Court, said : " I think it has not before been questioned, but that the time during which the party to be affected has been under a disability must be deducted in computing the lapse of time in analogy to the Statute of Limitations." The same principle was recognized in *Godfrey* vs. *Schmidt*, et al , Chev. Eq., 57. The Court in *Larule* vs. *Crosland*, 4 Rich., 540, applying the rules which had governed the cases herein already cited, held " that where a party claims a right to an easement through another's land by adverse use for twenty years, and during a part of the time, though after the commencement of the adverse use, the land was owned by infants, that period must be deducted in the computation of the time, and if twenty years do not remain, the right is not established."

These authorities are sufficient to shew that the appellant has failed to establish error in law in the instruction of the Court in the particular referred to. Concluding, therefore, that no error of law is contained in the order, but that it involves a difference of opinion between the Judge and the jury on the facts, and the results legitimately deducible from them, we are not at liberty to interfere.

According to the stipulation on the part of the appellant, if the order be affirmed, the plaintiffs are entitled to judgment absolute against him, and the second sub-division of Sec. 11 of the Code of Procedure, Revised Stat., 517, requires that such judgment shall be rendered.

It is accordingly ordered and adjudged that the motion be dismissed, and that the plaintiffs in the said cause have judgment absolute against the defendant, and that the proceedings be remitted

to the Circuit Court for the County of Lancaster for such further proceedings as may be necessary to render the judgment hereby given effective and complete, as provided by the Section of the Code referred to.

*Willard,* A. J., and *Wright,* A. J., concurred.