12798

CAUGHMAN, ADM'R, v. STATE HIGHWAY DEPARTMENT

(151 S. E., 107)

44

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page,* and *J. Ivey Humphrey,* for appellant,

*Messrs. Tatum & Jennings,* for respondent,

January 2, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for pain and suffering of plaintiff's intestate, alleged to have resulted from defendant's negligence in the construction and maintenance of a certain State highway at a point near the town of Bishopville.

The complaint alleges that "highway No. 30" extends across the State of South Carolina by way of Bishopville, Sumter, and other towns, and is under the control and supervision of the defendant, the State Highway Department; that this highway, about one mile south of Bishopville, crosses a stream upon a culvert, also constructed and maintained by the defendant, the stream approaching and leaving the culvert in an open canal about twelve feet wide and eight feet deep; that on November 15, 1927, the plaintiff's intestate, Thaunon Caughman, was driving at night along this road in a Ford car, going in the direction of Sumter from Bishopville; that, on approaching the culvert, he turned out

on the extra width of the roadbed, struck the concrete head wall, turned over his car, and received injuries from which he afterwards died; and that his wounds, suffering, and pain were brought about, proximately and directly, by the negligent acts of the defendant, in the following particulars:

"(a) In negligently failing to erect some suitable sign or structure to warn the traveling public that said highway crossed a culvert at that point with dangerous excavations on each side up to the 30-foot width of said road.

"(b) In negligently failing to erect balustrades, guard rails, or some other suitable structures at the ends of said culvert to warn the traveling public of the location of the termini thereof and the points where the canal was open.

"(c) In negligently failing to erect guard rails or some other suitable structures along the sides of said highway approaching said culvert to direct the driving of the traveling public across said culvert and to give warning of the peril of driving out of the road at that point.

"(d) In negligently constructing and providing a filled-in roadbed on each side of said culvert, with a top surface of greater width than 30 feet, of the same or substantially the same level as the roadbed provided for actual travel, and in negligently failing to extend the said culvert all the way across the entire roadbed.

"(e) In negligently failing to erect guard rails or some other suitable structure along the sides of said highway where it crossed said branch on a filled-in roadbed.

"(f) In negligently failing to properly construct said highway and culvert and the approaches thereto, and in negligently failing to properly protect the traveling public in crossing said culvert and the approaches thereto, by some warning of the danger at that point."

The answer set up contributory negligence on the part of plaintiff's intestate, and pleaded that the road in question was a federal aid project of standard construction and dimensions.

The case was tried before his Honor, Judge Ramage, and a jury, at the April, 1929, term of the Court of Common Pleas for Lee County. The jury found for the plaintiff in the sum of $500, and from the judgment entered upon the verdict the defendant appeals, imputing error to the trial Court in refusing its motions for a nonsuit, for a directed verdict, and for a new trial.

The grounds of the motions were (1) that there was no evidence of negligence on the part of the defendant shown to be a proximate cause of the accident; and (2) that plaintiff's intestate was guilty, as a matter of law, of contributory negligence which contributed as a proximate cause to the injuries complained of.

In *Leitner v. Railway Co.*, 145 S. C., 489, 143 S. E., 273, 276, this Court said: "In passing upon a motion for a directed verdict for a defendant, the trial Judge is bound by the well-established rule of law that the evidence, together with all inferences which the jury can justifiedly draw therefrom, must be considered most favorably to the plaintiff in determining whether the motion shall be granted, and that, where more than one inference can be drawn from the testimony, the case must be submitted to the jury."

In *Templeton v. Railway Co.*, 117 S. C., 44, 108 S. E., 363, the Court said (quoting syllabus): "On motion to direct verdict for defendant, only the facts fairly inferable from plaintiff's evidence without regard to conflict raised by defendants' evidence is (are) to be considered."

In *Lower Main Street Bank v. Caledonian Insurance Co.*, 135 S. C., 155, 133 S. E., 553, 555, the Court thus states the rule: "The well-established rule in this State is that if there is any testimony whatever to go to the jury on an issue involved in a cause, or even if more than one inference can be drawn from the testimony, then it is the duty of the Judge to submit the cause to the jury. This is true, even if witnesses for the plaintiff contradict each other, or if a witness himself in his testimony makes conflicting statements.

The credibility of witnesses is entirely for the jury. On a motion for a directed verdict, the evidence in the cause must be considered most favorably to the plaintiff. *Anderson v. Hampton & Branchville Railroad & Lumber Co.,* 134 S. C., 185, 132 S. E., 47; *Crews v. Sweet,* 125 S. C., 306, 118 S. E., 613, 29 A. L. R. 43; *Richardson v. N. W. Railroad Co.,* 124 S. C., 326, 117 S. E., 510; *State v. Parris,* 89 S. C., 143, 71 S. E., 808."

A review of the testimony in this case is unnecessary and would serve no useful purpose. With the foregoing principles of law in mind, our examination of the record leads to the conclusion that the trial Court properly submitted the case to the jury. There was some testimony tending to prove negligence on the part of the defendant in one or more of the particulars alleged in the complaint. There was also testimony tending to show that plaintiff's intestate was guilty of contributory negligence, but there was testimony from which a different inference might be drawn. The trial Judge, therefore, could not say, as a matter of law, that the pain and suffering of plaintiff's intestate were not due to any actionable negligence of the defendant, or that Caughman was guilty of such contributory negligence as would bar plaintiff's recovery; these questions, in the determination of the proximate cause of the accident, were for the jury.

With regard to the Court's refusal to grant a new trial, it is only necessary to say that the trial Judge committed no error in refusing the motion.

The exceptions are overruled, and the judgment of the circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : I think that the motion for a nonsuit in this case should have been granted upon the following grounds:

(1) That there was no evidence tending to establish the allegation that the injury sustained by the intestate was due

to any negligence defect in the construction of the culvert and bridge in question.

(2) That under Section 2948, Vol. 3, Code of 1922 (Civ. Code), as amended by 34 St. at Large, p. 287, and 35 St. at Large, p. 2055, the burden of proof was upon the administrator to show that the intestate was free from contributory negligence. I do not think that he has sustained this burden. On the contrary, the evidence, largely from the testimony of witnesses for the plaintiff, shows that the intestate lived near the locus in question, frequently traveling that road to and from Bishopville, and was necessarily familiar with the situation; that at the time of his injury he was traveling at a reckless rate of speed and in at least a partially intoxicated condition.

I therefore dissent from the affirmance of the judgment.