12943

BOUKNIGHT v. STATE HIGHWAY DEPARTMENT

(154 S. E., 95)

*Messrs. John M. Daniel, Attorney General, Cordie Page, Assistant Attorney General, J. Ivey Humphrey, Assistant Attorney General,* and *James O. Sheppard,* for appellant,

*Messrs. J. Wm. Thurmond* and *T. B. Greneker,* for respondent,

July 7, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is a suit for damages for injuries to person and property. The complaint contains two causes of action. For a first cause, the plaintiff alleged that, on December 9, 1929, while he was driving his Ford sedan along the Dixie highway between Trenton and Edgefield, on his right-hand side of the road at about twenty miles per hour, he met and collided with a tractor of the defendant; that as a result of the collision he received severe and painful bodily injuries, which were due to and caused by the negligent acts of the defendant, its agents and servants, in operating the tractor at that time and place in a heavy fog on its left-hand side of the road without lights, in the mismanagement of the tractor and in failing to keep a proper lookout, etc. The second cause of action was for damages on account of injury to the automobile in which plaintiff was riding at the time of the collision.

The defendant, answering, admitted that it was operating its tractor, at the time and place of the accident, on its left-hand side of the road, but alleged that this was often done and was the most practical manner for repairing and

dragging the road at this particular place on this occasion, and that the tractor and drags were equipped with red flags and other signs to warn travelers of their proximity. It denied that it was negligent in any of the particulars alleged in the complaint, and for a further defense pleaded that plaintiff's injuries were due to his own acts of negligence in failing to heed the warning and signals given by the defendant's agents and servants to stop his car, and in driving forward at a high and dangerous rate of speed.

The case was tried at the March, 1930, term of the Court of Common Pleas for Edgefield county before Judge John S. Wilson and a jury. At the close of all the testimony the defendant made a motion for a directed verdict, on the ground that there was no evidence of negligence on its part, and that the only inference to be drawn from the testimony was that the plaintiff's injuries were due to his own negligence. The Court overruled the motion and the jury found for the plaintiff on both causes of action. The defendant appeals and brings error.

A review of the testimony would serve no useful purpose. Our very careful examination of the record satisfies us that the case was properly submitted to the jury. The testimony was in conflict as to the density of the fog, the distance one might be seen, whether the lights on plaintiff's car were burning, and what rate of speed plaintiff was traveling at the time of the collision. In passing upon the defendant's motion for a directed verdict, the trial Judge was bound to consider the evidence adduced, together with all inferences which the jury might justifiedly draw therefrom, most favorably to the plaintiff, and if more than one inference could be drawn from the testimony to submit the case to the jury (*Leitner v. Railway Company*, 145 S. C., 489, 143 S. E., 273) ; and "this is true, even if witnesses for the plaintiff contradict each other, or if a witness himself in his testimony makes conflicting statements" (*Bank v. Insurance Company*, 135 S. C., 155,

133 S. E., 553) ; and only the facts fairly inferable from the plaintiff's testimony without regard to any conflict raised by the evidence of the defendant are to be considered *(Templeton v. Railway Company,* 117 S. C., 44, 108 S. E., 363). In the case at bar, the plaintiff offered testimony tending to prove negligence on the part of the defendant in one or more of the particulars alleged in the complaint, and, in accordance with the statute, the absence of negligence on his part. Certainly, the Court could not say, as a matter of law, that the plaintiff was guilty of contributory negligence or that his injuries were due solely to his own negligence as the proximate cause thereof. Under the evidence adduced, all questions of negligence in the determination of the proximate cause of plaintiff's injuries were for the jury.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER and MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH concur.