14344

MORRISON v. SOUTH CAROLINA STATE HIGHWAY
DEPARTMENT

(187 S. E., 344)

Before MANN, J., Chester, January, 1935.

*Messrs. Hamilton & Gaston* and *Hemphill & Hemphill*, for appellant,

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General* and *McDonald, Macaulay & McDonald,* for respondent,

August 1, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant brought action against the respondent to recover damages for injuries which he alleges he sustained on the night of May 11, 1932, while traveling on State highway No. 9, which injuries were caused by defects in the highway

due to the negligence of the respondent in the construction and maintenance thereof in the particulars set out in the complaint. The case was tried by his Honor, Judge Mann, with a jury. Motions for nonsuit and directed verdict were made by defendant and refused. The jury found for plaintiff. A motion for new trial was made and argued, and taken under advisement. In due time Judge Mann filed his order, setting aside the verdict and ordering a new trial. From that order, the appeal comes to this Court.

There are seven exceptions, which appellant's counsel elect to treat in their brief under two heads, to wit:

1. Was there evidence that appellant's injury was caused by negligence of respondent?    .

2. Did the testimony show that appellant's negligence was the sole or contributing cause of his injury?

Appellant's counsel argue that defendant's motion for new trial was based upon legal grounds, identical in character with those upon which his motions for nonsuit and directed verdict had been made and refused. That the refusal of the motions in effect amounted to saying that there was competent and relevant evidence to go to the jury on the questions of the negligence of the defendant as the proximate cause of the injury, and the contributory negligence of plaintiff; that the motions were properly denied because the Court could not say as a matter of law that recovery was barred.

Counsel cite *Caughman v. State Highway Dept.*, 154 S. C., 43, 151 S. E., 107, and *Bouknight v. State Highway Department*, 157 S. C., 154, 154 S. E., 95.

Counsel for appellant thus state their position: "The motion for directed verdict, like the previous motion for nonsuit, having been predicated upon one of two legal theories, either (1) that there had been a *total* failure on the part of appellant to show by testimony any actionable negligence or breach of duty on the part of respondent which was the proximate cause of the injury, or (2) that appellant failed to show that he was free from fault or contributory negligence;

it follows that when the learned trial Judge *reversed* his own *rulings* and granted a new trial upon the theory that he should have directed a verdict, he must have concluded as *a matter of law,* either (a) that there had been a total failure on the part of appellant to present any testimony reasonably tending to establish actionable negligence or breach of duty on the part of respondent, or (b) that the evidence permitted of no other reasonable inference but that 'plaintiff's own negligence, if not the sole proximate cause of his injury, was at least the contributing cause.' "

Did the Judge grant the new trial as a matter of law, or did he grant it on the ground that the only reasonable inference to be deduced from all the testimony is that the plaintiff was negligent and that his negligence was the proximate, if not the sole, cause of his injury?

The order appealed from is here reproduced:

"'This case was tried before me with a jury at the recent term of Court of Common Pleas and resulted in a verdict for the plaintiff.

"At due times, motions were made for nonsuit and directed verdict. But being in grave doubt as to the relevancy of such motions, both were overruled.

"'The matter is now before me on motion for a new trial, based upon several grounds which will not be separately set out here. The motion was fully and ably argued before me in open Court.

"'The ground for new trial rested upon the kinship of the juror Smith to the plaintiff must be overruled. While I do not think the showing discloses a relationship now existing which would have, as a matter of law, disqualified the juror, still, had the matter been called to my attention before the juror was selected, I would have stood him aside; and even though such relationship was not known to defendant at the time the juror was accepted, had it been called to my attention before verdict and when it was discovered, I should have, in my effort to guarantee an absolutely unbiased ver-

dict, ordered a mistrial. But, the situation having been revealed to the counsel for the defendant before the verdict was rendered, I think the objection now comes too late. And this ground is overruled.

"The grounds rested on the merits of the case present a far more serious aspect.

"I have several times mentally reviewed the testimony in the case searching for the apparent, reasonable justification of the verdict of the jury. But after protracted consideration, I find myself at such wide variance with that of the jury that I can take none other than the absolutely opposite view.

"I cannot escape the conviction that plaintiff himself was negligent and that his negligence was the proximate cause (if not the sole cause) of his injury.

"To me it is impossible to reconcile,

"1. His full knowledge of the condition of the road at the point in question;

"2. The full and complete complement of signs, warnings and signals, all visible and easily to be seen and interpreted by any person of reasonable powers of perception;

"3. His utter failure to notice or heed such notices; and

"4. The apparent speed at which the car must have been traveling, the terrific impact at the bridge pier nearly 140 feet away, with the conduct of a careful, prudent and sober man.

"His explanation as to how it happened does not, to my mind, bear the earmarks of good reason and plausibility.

"In fact, I am *now* satisfied that I should have honored the motion for a directed verdict for the defendant.

"Therefore, it follows that the grounds on which the motion for a new trial, other than the relationship of the juror Smith, must be sustained, and the verdict set aside and a new trial granted.

"And it is so Ordered."

The issue resolves itself into the answer to this question:

The trial Judge having refused motions for nonsuit and directed verdict on the grounds (1) failure of evidence to show actual negligence on the part of the defendant; (2) that plaintiff had failed to show by the proper preponderance of the evidence that he was free from fault in bringing about his own injuries, but, on the contrary, it appears that appellant's own negligence, if not the sole proximate cause, was the contributing cause, is he thereby debarred from granting a motion for new trial on the ground that upon a review of the whole evidence he is satisfied that he should have directed a verdict for defendant on the ground that plaintiff's own negligence, if not the sole cause of his injury, contributed thereto as a proximate cause?

In other words, if the trial Judge, on consideration of the motion, concludes that he erred in not granting the motion for directed verdict because of a misconception of the evidence, may he not correct his error upon proper motion after a study of the applicable evidence?

It is, of course, conceded that the jury is the sole judge of the force and effect of the evidence, and if there is relevant and competent evidence on any issue, that issue must be submitted to the jury. Nevertheless, the trial Judge may determine whether there is such relevant and competent evidence. May he, after verdict, declare that only one reasonable inference may be deduced therefrom?

The appellant contends that the trial Judge decided this question as a matter of law, because he says in his order that he is now satisfied that he should have honored (granted) defendant's motion for directed verdict.

We do not hold with this contention. The order distinctly declares that his Honor has "several times reviewed the testimony in the case searching for the apparent reasonable justification of the verdict of the jury. But after protracted consideration, I find myself at such wide variance with that of the jury that I can take none other than the absolutely

opposite view. I cannot escape the conviction that the plaintiff himself was negligent and that his negligence was the proximate cause (if not the sole cause) of his injury." He then sets out in his order a review of the evidence which in his opinion shows that plaintiff had failed to carry the burden imposed on him by the statute that his injury was not due to his own negligence nor did he negligently contribute to bring it about.

Stated otherwise, his language clearly imparts his meaning that his study of the evidence convinces him, now, that he should have granted the motion for directed verdict for defendant on the ground that the only reasonable conclusion deducible from the evidence is that the injury to plaintiff is chargeable to his own negligence, or that he negligently contributed to bring it about.

In the very recent case of *Harrell v. Sears, Roebuck & Co.*, 178 S. C., 482, 183 S. E., 303, filed January 16, 1936, Mr. Justice Baker, delivering the opinion of a unanimous Court, said:

"The respondent, by his argument, makes the point that, the determination of the issues in this case by the county Judge being a finding of fact, such determination is not reviewable by this Court if there is any evidence to sustain the findings.

"Now we are cognizant that it is a well-settled precept in this state that the determination of issues of law and fact by the lower Court in law cases is not reviewable by this Court, unless such findings are absolutely unsupported by the evidence. However, it is also well established by the former decisions of this Court that, if such conclusions are not supported by the evidence or clearly influenced or controlled by error of law, this Court has the power to review such findings."

Citing numerous authorities from the opinions of this Court in other cases.

It would seem to be wholly reasonable and logical that if, on consideration of a motion for new trial, the trial

Judge concludes that he erred in his conclusions of law and findings of fact on the trial of the case, he has power to correct his error by granting a new trial.

Section 34, Code 1932, contains this provision: "Circuit Courts shall have power to grant new trials in cases where there has been a trial by jury for reasons for which new trials have usually been granted in the Courts of law of this State."

The Code Commissioner, in a note to this section in Vol. 1 of the Code Civil Procedure, 1932, adds, upon the authority of *Elmore v. Scurry,* 1 S. C., 139, this comment: "This section should be liberally construed as to the granting of new trials."

He states in a further note to that section: "It has been said that the power to grant new trials in cases tried by the Circuit Courts was one of their inherent powers."

Citing numerous cases from our reports, including *Southern Power Co. v. White,* 92 S. C., 219, 222, 75 S. E., 459, 460, in which Mr. Justice Hydrick, for the Court, said: "This Court held distinctly, in *State v. Bailey* [1 S. C., 1] and *State v. David* [14 S. C., 428], *supra,* that the power to grant new trials in cases tried by the Circuit Courts was one of their inherent powers."

In a most interesting dissertation on the subject of the granting of new trials by the Circuit Courts, Judge Earle, for the old Court of Appeals, in the case of *English v. Clerry,* 3 Hill, 279, said: "Without the power of granting new trials, which is conceded to this Court, the trial by jury would be hardly entitled to the encomiums which we so often hear bestowed upon it. If every verdict were final and conclusive, even without error in matter of law, on the part of the Judge, injustice would so frequently result from causes inseparable from the nature and form of the tribunal itself, that many suitors would be deterred from submitting their complaints to it for adjudication."

Quoting from the opinion of Justice Denison on *In re. Bright v. Eynon,* 1 Burr., 390-397, the opinion continues in

this wise: "It would be difficult, perhaps, to fix any absolutely general rule about granting new trials, without making so many exceptions to it, as might rather tend to darken than explain it. But the granting of a new trial must depend upon the legal discretion of the Court, guided by the nature and circumstances of the particular case, and directed *with a view to the attainment of justice*" (Italics added).

"There was sufficient testimony to support the verdict of the jury, and the granting or refusing of the motion for a new trial was largely in the discretion of the trial Judge." *Planter's Fert. & Phosphate Co. v. Bradberry*, 134 S. C., 541, 133 S. E., 436, 437.

"While the presiding Judge may grant a new trial, in actions for torts, upon the ground that the verdict is grossly inadequate * * * the matter of doing so, as in the case of an excessive verdict, is largely in his discretion." *Leonard v. Broad River Power Co.*, 174 S. C., 199, 177 S. E., 152, 154.

Appellant's counsel contend that the trial Judge granted the new trial upon questions of law, since he granted it upon the grounds upon which the motions for nonsuit and directed verdict had been predicated, and which had been refused. We do not concur in this view. We have carefully considered and analyzed the language of the order granting a new trial, and it is plain to see that the Judge granted the new trial for the reason that a study of the testimony convinced him that the injury which plaintiff suffered was due to his own negligence "which was the proximate cause (if not the sole cause) of his injury." His analysis of the testimony, and especially that of the plaintiff, is conclusive of the fact that the new trial was granted because the plaintiff had not shown by the evidence, as required by the statute, that he did not bring about his own injury, nor negligently contribute thereto.

The order appealed from is, clearly, based upon an exercise of the discretion wisely vested by the law in him.

In the case of *Harvey v. Sou. Ry. Co. et al.,* 133 S. C., 324, 130 S. E., 884, the verdict was for actual and punitive damages, the trial Judge ordered a new trial unless the finding as to punitive damages be remitted; the plaintiff refused to remit, and appealed. Mr. Justice Cothran, for this Court, said: "The plaintiff declined to remit, and now appeals from the order of new trial upon the ground that there was abundant evidence tending to support the verdict for punitive damages. It is conceded that there was also abundant evidence tending to relieve the defendants from the imposition of punitive damages. The order of the Circuit Judge was plainly based upon a consideration of the evidence and a conclusion therefrom inconsistent with the verdict. The case therefore falls within the rule that, under these circumstances, the order is not appealable."

Citing *Snipes v. Davis,* 131 S. C., 298, 127 S. E., 447; *Ingram v. Hines,* 126 S. C., 509, 120 S. E., 493. Justices Watts, Marion, and Acting Associate Justice Purdy concurred; Chief Justice Gary did not participate.

The case of *Ingram v. Hines, supra,* lays down these rules:

"1. A circuit Judge's order granting a new trial, based on a consideration of the evidence and a conclusion therefrom inconsistent with the verdict, is not appealable.

"2. If an order granting a new trial is based on a matter of law, the decision of which is conclusive, not simply on the appeal, but on the merits of the controversy, leaving no issue of fact on which the rights of the parties depend, the order is appealable; otherwise, not.

"3. A circuit Court's order granting a new trial, on the theory that the jury's finding was without adequate evidential basis to support it, was based on a matter of fact, and not a matter of law, and hence is not appealable."

As far back as the case of *Massey v. Adams,* 3 S. C., 254, and since often cited and approved, it was held: "The only

question proper for our consideration, is whether there was error of law in the order granting the new trial. If it was founded, either wholly, or in part, on a conclusion from the fact contrary to that of the jury, then, according to the well-established principles govering the Court in regard to appeals, in which propositions of law do not arise, we cannot interfere."

Citing *Miller v. Schuyler*, 20 N. Y., 522; *Byrd et al. v. Small*, 2 S. C., 388.

It is the argument of appellant's counsel that the motion for new trial was made upon the same grounds as were the motions for nonsuit and directed verdict, which motions were refused, and that the trial Judge's consideration of the motion for new trial was limited to the issues thus made. Even if this contention were correct, which is not admitted, there is sufficient in the grounds of the motion for new trial to authorize the Court's consideration of the evidence already acted upon in refusing the motions for nonsuit and directed verdict. But, there can be no doubt that the trial Judge had the right to consider the whole record. The question before him was whether the evidence sustained the verdict. Irrespective of the special grounds upon which the motion for new trial was stated to be made, it is suggestive that they directed the attention of the Court to the proper conclusions to be deduced from the whole record. If, upon a consideration thereof, the Circuit Judge concluded as a matter of fact that the evidence did not warrant the verdict, he had the power and it was his duty to say so.

In the case of *Dantzler et al. v. Funderburg*, 129 S. C., 79, 123 S. E., 788, Mr. Justice Marion, for the Court, said: "The defendants moved for a new trial. The Circuit Judge granted the motion, and 'ordered that a new trial be and the same is hereby granted upon the entire record in the case.' The plaintiffs have appealed upon the grounds, substantially, that it was error to grant the new trial 'upon the entire record in the case' when the motion for new trial was not based

upon that ground, but was based upon specific allegations of error of law in the admission of testimony and in the Court's charge to the jury, which allegations of error were wholly without merit. The Circuit Judge having ascribed his action on the motion to his view or opinion of the entire trial record, we cannot assume that the ruling was predicated upon or controlled by error of law in a sense and to an extent that would subject it to review in this Court. *The granting of the new trial upon the entire record instead of upon the specific grounds assigned by defendant's counsel was within the sound discretion of the trial judge, and the case for appeal discloses no such abuse of discretion as would warrant a reversal"* (Italics added).

The appellant's counsel argue that when the trial Judge said in his order of new trial that he should have granted the motion for directed verdict, he thereby granted the new trial as a matter of law, because there was no evidence to support the cause of action. The criticism is hypercritical. The remark of the Judge relied upon by appellant was merely incidental, and, properly construed in connection with the whole context of the order, goes to sustain our holding that the order for new trial is upon a review of all the evidence in the case.

There is an appeal from the order of Judge Mann which requires appellant to print all the testimony. This exception was not argued orally by either counsel, but since it is urged in appellant's brief, and has not been specifically abandoned, we have considered it.

The case for appeal served by appellant's counsel contained in full the testimony of seven of plaintiff's witnesses, and only two of defendant's. In view of the large part played by the evidence in the consideration of the motion for new trial, we think there was no error in requiring that all of it be printed.

All exceptions are overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICE: BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate.

MR. CHIEF JUSTICE STABLER (concurring):

I agree with the conclusion reached by MR. JUSTICE BONHAM that the order appealed from in this case should be affirmed. A reading of the testimony contained in the record conclusively shows that the negligence of the plaintiff contributed to his injuries as a proximate cause thereof. The defendant's motion, therefore, for a directed verdict should have been granted on this ground. For this reason, under the case of *Mack v. Insurance Co.*, 171 S. C., 350, 172 S. E., 305, Judge Mann properly ordered a new trial.

MR. JUSTICE FISHBURNE concurs.