17985

Lula Mae YOUNG, Respondent, v. George K. BOST, Appellant

(128 S. E. (2d) 118)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*James P. Stevens, Esq.,* of Loris, *for Respondent,*

November 5, 1962.

TAYLOR, Chief Justice.

This is an action for damages for personal injuries sustained by plaintiff while riding as a passenger in her husband's automobile when it collided with defendant's automobile. The plaintiff alleges approximately ten specifications of negligence of defendant. The defendant answered by a general denial, a plea of contributory negligence and also alleged that the sole negligence of the plaintiff's husband was the sole proximate cause of the collision and injuries to plaintiff. The trial resulted in a verdict for $5,000.00 actual damages in favor of plaintiff.

Upon completion of all testimony, the defendant moved for a directed verdict upon the ground that the only reasonable inference to be drawn from all the testimony was that the accident was caused by the sole negligence of the driver of the plaintiff's vehicle, This motion was refused by the trial Judge and this appeal presents the sole question of whether or not the presiding Judge erred in refusing to grant such motion.

This Court on innumerable occasions held that on a motion for a directed verdict by a defendant that all testimony must be viewed in the light most favorable to plaintiff, and if more than one reasonable inference can be drawn therefrom it is the duty of the trial Judge to submit the case to the jury. *Worrell v. South Carolina Power Co.,* 186 S. C. 306, 195 S. E. 638; *Cox v. McGraham et al.,* 211 S. C. 378, 45 S. E. (2d) 595; *Cook v. Norwood,* 217 S. C. 383, 60 S. E. (2d) 695; *Anderson v. Davis,* 229 S. C. 223, 92 S. E. (2d) 496.

The collision occurred at approximately 10:30 A. M., June 3, 1960, near Conway, South Carolina, where Highway 501 and 16th Avenue intersect, the north side of 16th Avenue at this point being the City limits of the Town of Conway. Stop lights control the traffic at this intersection and the speed limit on Highway 501 north of the intersection

is 55 mph while the speed limit on the same highway south of the intersection is 35 mph since this portion of the highway is within the City limits of the Town of Conway.

Without going into unnecessary details, the testimony for plaintiff is to the effect that her rusband was driving his automobile with plaintiff as a passenger, in a southerly direction on Highway 501. This automobile stopped at the intersection of 16th Avenue for the light and was the second car in line. When the light turned green, plaintiff's car entered the intersection. Her husband gave a left turn signal and looked for approaching traffic. After observing that the way was clear, he started to turn left then noticed defendant's automobile which had rounded a curve approximately 300 yards south of the intersection approaching at a speed of approximately 55 mph in a 35 mph zone. Thinking he could not complete his turn, plaintiff's husband came to a complete stop in the intersection with his left front wheel approximately two feet over the center on defendant's side of the road. There was evidence to the effect that defendant still had ample room to pass on either side of plaintiff's car.

Much of defendant's evidence is in conflict with and in some particulars directly contradictory to that offered by plaintiff. Defendant himself testified that he also stopped for the same traffic signal as plaintiff and that plaintiff's car in attempting to cut the corner suddenly veered in front of him after he had practically crossed the intersection causing the collision. Further, that he was traveling approximately 15-20 mph from a dead stop and that there were only seven feet of skid marks.

Photographs of the locus showing both cars with skid marks and debris were introduced into the record.

It is not the duty of the trial Judge to weigh the testimony in passing on a motion for a directed verdict, *McCutchen v. Pacific Mutual Life Ins. Co.*, 153 S. C. 401, 151 S. E. 67, but rather when there is a conflict in

testimony, as here, he should disregard the conflict raised by defendant's evidence and only consider the facts fairly inferable from plaintiff's evidence, *Templeton v. Charleston & W. C. Rwy. Co.,* 117 S. C. 44, 108 S. E. 363; *Leitner v. Columbia Rwy., Gas & Electric Co. et al.,* 145 S. C. 489, 143 S. E. 273; *Bouknight v. State Highway Department,* 157 S. C. 154, 154 S. E. 95.

For the foregoing reasons, this Court is of opinion that the defendant's exception should be dismissed and the judgment of the lower Court affirmed; and it is so ordered. Affirmed.

MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.