## 11281

### CREWS v. SWEET

(118 S. E., 613)

1. TRIAL—ON DEFENDANT'S MOTION FOR DIRECTED VERDICT, EVIDENCE CONSIDERED MOST FAVORABLE TO PLAINTIFF.—On defendant's motion for a directed verdict, the evidence must be considered most favorable to plaintiff in determining whether the motion should be granted.

2. PARTNERSHIP—ON ADJUDICATION OF BANKRUPTCY OF ONE PARTNER, IT IS REMAINING PARTNER'S DUTY TO COLLECT FIRM ASSETS AND RE-

DUCE INDEBTEDNESS.—Where one of two partners was adjudged a bankrupt, it is the remaining partner's duty to collect the firm funds, and pay or reduce the firm indebtedness as much as possible.

3. PARTNERSHIP—SURVIVING PARTNER ENTITLED TO WIND UP FIRM BUSINESS, AND IS ACCOUNTABLE TO DECEASED PARTNER'S REPRESENTATIVES FOR SURPLUS ASSETS.—The surviving partner has the right to carry on partnership business, collect the assets, pay creditors, and wind up the partnership business, and is accountable to deceased partner's representatives for the latter's share of surplus assets.

4. PARTNERSHIP—SURVIVING PARTNER ENTITLED TO BRING ALL ACTIONS AFFECTING PARTNERSHIP.—On the death of one partner, the surviving partner is the proper party to bring suit for debts due to the firm and other actions affecting the partnership; the representatives of deceased partner not being necessary parties.

5. PARTNERSHIP—BANKRUPTCY OF ONE PARTNER WORKS DISSOLUTION OF FIRM; ON BANKRUPTCY OF PARTNER COPARTNER BECOMES SURVIVING PARTNER WITH RIGHT TO CLOSE UP BUSINESS.—An adjudication that one partner is bankrupt works a dissolution of the firm, and his copartner becomes the surviving partner with the right to close up the firm business as if the bankrupt partner were dead.

Before RICE, J., Spartanburg, April, 1922. Affirmed.

Action by C. M. Crews as surviving partner against Maude B. Sweet. Judgment for plaintiff and defendant appeals.

*Messrs. Perrin & Tinsley* and *Mauldin & Love,* for appellant cite: *Rights of partners in partnership property:* 21 A. L. R., 121; 78 Pac., 357.

*Messrs. R. B. Pasley* and *Evans & Galbraith,* for respondent, cite: *Grounds for motion for nonsuit and directed verdict only ones to be considered:* 83 S. C., 19; 96 S. C., 346; 85 S. C., 720; 101 S. C., 299; 100 S. C., 265; 109 S. C., 90. *Evidence is for the jury:* 104 S. C., 149; 113 S. C., 205; *Not reviewable on appeal:* 103 S. C., 84; 107 S. C., 435. *Grounds for new trial not set out in record, will not be considered:* 78 S. C., 502; 83 S. C., 228; 96 S.C., 14; 100 S. C., 265; 95 S. C., 61. *Rights and duties of surviving partner:* 83 S. C., 124; L. R. A., 1919-B 905; 28 L. R. A., 129; 7 L. R. A., 788; 3 L. R. A., 291; 20 R. C. L., 245;

28 S. C., 454; 5 Cyc., 415; 30 Cyc., 642, 643, 654, 655; Collier Bankruptcy (7th Ed.), 137.

July 24, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The "case" for appeal contains the following statement:

"This case was begun by the service of the summons and complaint on or about May 26, 1921, and came on for trial before his Honor Judge Hayne F. Rice, and a jury on April 4, 1922, in the Court of Common Pleas for Spartanburg County. It is an action brought by C. M. Crews as the surviving partner of a partnership known as the Standard Milk Company at Spartanburg, S. Car., for the recovery from the defendant-appellant of the sum of $6,500, which she is alleged to have unlawfully appropriated to her own use from the funds of the partnership while working for said concern as their bookkeeper. In this same proceeding a certain house and lot in the City of Spartanburg was attached by the plaintiff-respondent. The defendant appellant denied that she had misappropriated any of the funds of the partnership, or that she had attempted to withdraw her money or other property from this State, for the purpose of defrauding her creditors or the plaintiff. After the close of plaintiff's testimony counsel for the defendant-appellant moved for the direction of a verdict, which motion was overruled. After a verdict was rendered the defendant-appellant made a motion for a new trial, which motion Judge Rice refused."

The motion for a directed verdict was on the grounds "that there was not a particle of testimony or evidence brought out by the plaintiff showing that the defendant misappropriated a dollar of his funds." The grounds urged on a motion for new trial were:

"First. That the verdict was contrary to the law as given to the jury by the Court and the evidence of the case.

"Second. That all of the plaintiff's testimony tended to prove that he had a cause of action against his copartner for an accounting rather than a cause of action against this defendant for misappropriation of funds."

After entry of judgment 'defendants appeal, and by six exceptions impute error. At the hearing by this Court appellant abandons the second exception. The exceptions complain of error in refusing to direct a verdict for defendant as asked for, in refusing to grant defendant's first request to charge the jury, and in not granting a new trial.

When a motion is made by a defendant for a directed verdict, evidence in the cause must be considered most favorably to plaintiff in determining whether a directed verdict should be granted. There was ample evidence in the case to require its submission to the jury for their determination. It would serve no useful purpose to point out in detail the evidence on the part of plaintiff which required its submission to the jury. It is sufficient to say that a careful reading of the evidence convinces us that his Honor committed no error in refusing defendant's motion for a directed verdict. We see no error on the part of his Honor's charge to the jury, considering his charge as a whole.

A partner is liable for the firm's debt, and, as Sweet had been declared a bankrupt, it was the duty of Crews, the remaining partner, to collect the funds belonging to the partnership business to pay the debts or to reduce the indebtedness as much as possible.

A surviving partner has the right to carry on the partnership business, collect its assets, and pay creditors and wind up the partnership business. Of course he is accountable to the personal representative of deceased partner for the latter's share of surplus assets.

The surviving partner is the proper party to bring suit for all debts due the firm after the death of the partner, and the representatives of the deceased part-

ner are not necessary parties; but all actions affecting the partnership should be brought by the surviving partner alone.

Sweet having been adjudged a bankrupt, that worked a dissolution of the firm, and Crews became the surviving partner with the right to close up the business of the firm, as if Sweet were actually dead.

Judge Rice saw and heard the witnesses; he decided properly to submit the case to the jury, and refused the motion for a new trial, which was within his discretion, and we see no error as complained of in the exceptions.

All exceptions are overruled, and judgment affirmed.