11939

ANDERSON v. HAMPTON & BRANCHVILLE R. & LUMBER CO.

(132 S. E., 47)

1. APPEAL AND ERROR.—In determining whether directed verdict for defendant should have been granted, evidence must be considered most favorably to plaintiff.

2. TRIAL.—Jury may properly pass on inferences from determined facts, as well as on disputed fact questions.

3. TRIAL.—Contradiction in plaintiff's testimony, as well as his credibility, were for jury.

4. CARRIERS.—Generally, one having right to board train is entitled to sufficient time to do so before it starts.

5. CARRIERS—WHETHER INJURIES TO BOARDING PASSENGER, THROWN FROM TRAIN, WERE DUE TO HIS OR RAILROAD'S NEGLIGENCE HELD FOR JURY.—Whether injuries to one thrown from train while endeavoring to enter passenger coach were due to his or railroad's negligence *held* for jury.

6. NEW TRIAL—REFUSAL OF NEW TRIAL FOR ABSENCE OF EVIDENCE SUSTAINING VERDICT NOT ERROR WHERE SOME TESTIMONY TENDS TO SUPPORT VERDICT.—Where there is some testimony tending to support jury's verdict, refusal of motion for new trial on ground of entire absence of evidence to sustain verdict is not error.

7. NEW TRIAL.—Granting new trial on ground that verdict was contrary to evidence is largely in discretion of presiding Judge.

Before DENNIS, J., Hampton, October, 1924.   Affirmed.

Action by T. S. Anderson against the Hampton & Branchville Railroad & Lumber Company.   From a judgment for plaintiff, defendant appeals.

*Messrs. George Warren* and *Randolph Murdaugh,* for appellant, cite: *Evidence subject to only one inference; negligence of plaintiff cause of injury:* 130 S. E., 880; 96 S. C., 228; 80 S. E., 433; 90 S. C., 42; 72 S. E., 634; 81 S. C., 100; 61 S. E., 900; 13 S. E., 736; 27 S. C., 71; 2 S. E., 349. *Plaintiff guilty of contributory negligence:* 90 S. C., 42; 72 S. E., 634; 13 S. E., 736. *Plaintiff bound to show negligence of defendant:* 96 S. C., 228; 80 S. E., 433.

*Mr. J. W. Manuel,* for respondent, cites: *Sufficient evidence to go to jury:* 117 S. E., 510; 66 S. C., 482; 55 S. C., 179.

March 9, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

T. S. Anderson, as plaintiff, instituted suit in January, 1924, against the defendant, Hampton & Branchville Railroad & Lumber Company, for personal injuries. The case was tried before his Honor, Judge E. C. Dennis, and a jury, at the October, 1924, term of the Court of Common Pleas for Hampton County, and resulted in a verdict in favor of the plaintiff.

Plaintiff alleged that he was injured when he was endeavoring. to enter a passenger coach of the defendant by being thrown from the platform of the train; his main specification of negligence charged against the defendant being "that the train was negligently, carelessly, willfully, and recklessly started by defendant's agents, servants, and employees, with an unusual, sudden, and violent jerk, before plaintiff had time to get aboard."

The defendant, after putting in a general denial, pleaded contributory negligence on part of the plaintiff, alleging that plaintiff had full knowledge of the manner in which the train was operated, that he had been instructed by the defendant never to stand, ride, or remain on the platform, and that nevertheless plaintiff was standing and riding on the platform when his injuries occurred.

At the conclusion of all the testimony, the defendant moved the Court for a directed verdict in its favor. It is not necessary to set out verbatim the grounds of the motion. The real contention of the defendant was that no negligence was shown against the defendant, and that in any event the plaintiff was guilty of contributory negligence. This motion was refused.

After the verdict, defendant moved for a new trial on practically the same grounds upon which the motion for directed verdict was asked, and urged mainly "that the only reasonable inference from the case is that the plaintiff was guilty of bringing about his own injury." The Court overruled this motion.

Defendant has appealed to this Court, and reversal is asked on two grounds: (1) Because of the failure of the presiding Judge to direct the verdict; and (2) the refusal to grant a new trial.

This Court has held that, when a motion for a directed verdict is made, the evidence in the cause must be considered most favorably to plaintiff in determining whether the directed verdict should have been granted. *Crews v. Sweet*, 118 S. E., 613; 125 S. C., 306; 29 A. L. R., 43. And it has been decided that, not only should questions of fact be submitted to the jury when they are in dispute, but also the matter is proper for the jury to pass upon when the question is as to inferences to be drawn from such facts, after the facts have been determined. *Richardson v. N. W. Railroad Co.*, 117 S. E., 510; 124 S. C., 326.

While the presiding Judge stated that the "question was a very close one," we think he was right in allowing the case to go to the jury. The record shows some contradictions in the testimony of the plaintiff, but all these contradictions as well as his credibility, were matters for the jury to decide.

Generally one who has a right to board a train is entitled to sufficient time in which to board it before the train starts. Plaintiff testified, "I had not had time to get aboard the train." He further stated, "That morning the train started very abruptly, just jerked me down, went from under me, and left me lying on the ground, and it went out with a rush." It was for the jury to decide if the plaintiff's injuries were due to his own negligence or

that of the defendant. The testimony quoted, as well as other testimony given by plaintiff, was sufficient to warrant the Court in refusing the motion for a directed verdict.

Where there is some testimony tending to support 6, 7 a jury's verdict, there is no error on the part of the Court in refusing a motion for a new trial on the ground of an entire absence of evidence to sustain the verdict. *State v. Paris,* 71 S. E., 808; 89 S. C., 143. Since the presiding Judge properly held that there was testimony to carry the case to the jury, which ruling we have approved, it follows that there was "some testimony" to support the verdict. The matter of granting new trials, on the ground that the verdict was contrary to the evidence, is very largely in the discretion of the presiding Judge. We cannot hold there was any abuse of that discretion in this case.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and STABLER concur.