15807

THOMPSON v. SOUTHERN RY. CO.

(37 S. E. (2d), 278)

*Messrs. Adam H. Moss* and *P. F. Haigler,* both of Orangeburg, and *Frank G. Tompkins,* of Columbia, Counsel

for Appellant,

*Mr. L. Marion Gressette,* of St. Matthews, Counsel for Respondent,

March 4, 1946.

MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON delivered the unanimous Opinion of the Court.

While operating his Chevrolet "Pick-up" truck in a Northernly direction on what is known as the old Fort Motte road at approximately two o'clock in the afternoon of March 3, 1945, plaintiff was in the act of crossing appellant's spur-track at a point where the latter intersects the highway near the plant of the Banks Ice & Fertilizer Company in the town of St. Matthews, when a collision occurred between the truck and appellant's engine backing out from the siding. Fortunately, plaintiff escaped injury to his person by leaping from the truck, but the latter was badly damaged, and, as a result of this action, plaintiff recovered judgment against the railway company in the sum of Five Hundred Dollars actual damages.

The complaint charged, and there was abundant evidence tending to show, that the train crew was negligent in backing the engine from behind a building and tank which obstructed plaintiff's view, without having a flagman on the engine or at the crossing; in failing to give the statutory signals by bell or whistle, or other signal or alarm, to warn travelers upon the highway of the presence of the engine;

in not keeping a proper lookout; and in operating the train at a high and dangerous rate of speed.

The answer denied the material allegations of the complaint, and set up the affirmative defense of gross contributory negligence and willfullness, charging that plaintiff drove upon the crossing without looking or listening for the approach of the engine which was in plain and open view, and without exercising the slightest care for his own safety; and ample testimony to establish such affirmative defense was offered on behalf of appellant.

Timely motions for nonsuit and directed verdict in its favor were made by counsel for appellant, and, upon rendition of the verdict against it, motion for judgment *non obstante veredicto* was also entered in its behalf; but all motions were refused by the trial judge.

Error in his refusal to direct a verdict, and in his refusal of the motion for judgment *non obstante veredicto,* is urged in a single exception, the theory of which is that the only reasonable inference to be drawn from the evidence is that, as he approached and drove upon the crossing, respondent failed to exercise the slightest care for the safety of himself and his property, and that his conduct constituted gross contributory negligence and willfullness *as a matter of law,* making no issue whatever for the jury.

Under the evidence the jury might easily have found a verdict in favor of appellant, but, having resolved the issues of fact in favor of the plaintiff, the appellant has been convicted of a failure to give the statutory signals, which is negligence *per se* that is presumed to have been the proximate cause of the collision and the resulting damage to plaintiff's property. *Miller v. A. C. L. R. R. Co.,* 140 S. C., 123, 138 S. E., 675; *Mishoe v. Id.,* 186 S. C., 402, 197 S. E., 97; *Ford v. Id.,* 169 S. C., 41, 168 S. E., 143; *Hicks v. Id.,* 187 S. C., 301, 197 S. E., 819. And there was other evidence in the case from which it is possible to infer that appellant was guilty of negligence at common law, the failure to observe due care, and that such negligence was a proximate cause of the collision. Assuming, therefore, as it is conceded

must be done, that appellant was guilty of negligence which was a proximate cause of the collision and damage, yet, if respondent were guilty of gross negligence, the failure to observe slight care, or of willfullness, which contributed to such collision and damage as a proximate cause thereof, and without which it would not have occurred, he is without remedy, and the trial court should have so ruled. *Brown v. Powell et al.,* 198 S. C., 403, 18 S. E. (2d), 212, and cases therein cited.

To sustain its suggestion that the circuit judge should have taken the latter view, appellant's argument proceeds upon the theory that, because plaintiff did not see the engine until it was almost upon him, he must have failed to look or listen, and that he had ample time and distance, after all alleged obstructions to his view were cleared, to avoid colliding with the engine; but certain it is that plaintiff did look in time to stop his truck just as its front wheels reached, or crossed, the nearest rail of the track, and to escape from the truck before the engine struck it, which undisputed fact, in view of the other evidence in the case, including the crossing itself, which plaintiff offered in evidence, and which the jury was permitted to inspect, was sufficient to warrant the conclusion that he, at least, exercised slight care. Moreover, the witnesses for the parties differed substantially in their testimony as to how far from the track a traveler upon the highway, driving in the direction plaintiff was going, could see an engine backing from the ice plant towards the crossing.

"It is firmly established in this jurisdiction that, if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or willfullness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury." *Harrison v. A. C. L. R. R. Co. et al.,* 196 S. C., 259, 13 S. E. (2d), 137, citing *Ford v. Id., supra.*

"In both the *Harrison* and the *Cook cases* we pointed out that a traveler approaching a railroad crossing has a right to presume that the defendants will obey the law and give the statutory signals upon approaching the crossing; that while the wrongful conduct of the defendant in this regard will not excuse the traveler from the exercise of slight care, yet in determining whether he did use such care, his conduct is to be judged in the light of such presumption." *Langston v. A. C. L. R. R. Co.,* 197 S. C., 469, 15 S. E. (2d), 758.

To the same effect is the case of *Norwood v. A. C. L. R. R. Co.,* 203 S. C., 456, 27 S. E. (2d), 803, in which the trial judge in the instant cause delivered the opinion of the Supreme Court while serving as an acting associate justice thereof.

We are of the opinion, therefore, that the issues of proximate cause, negligence, gross contributory negligence and willfullness were, under the evidence, solely for the jury, and that the judgment below must be affirmed.

MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE G. DUNCAN BELLINGER concur.