16018

COX v. McGRAHAM *ET AL.*

(45 S. E. (2d) 595)

*Mr. George W. Keels,* of Florence, for Appellant,

*Messrs. Epps & Epps,* of Conway, for Respondents.

December 6, 1947.

TAYLOR, J.: This action was instituted in the Court of Common Pleas for Horry County, South Carolina, November 26, 1945, by the plaintiff, for the purpose of recovering damages he is alleged to have sustained by reason of a collision between a car owned by him and one Dodge automobile, License No. C-49-503, owned and driven by Luther McGraham. At the conclusion of all the testimony, counsel for defendants made a motion for a directed verdict on the ground that no actionable negligence was shown. This motion was granted by the trial Judge upon the grounds "that the only reasonable inference to be drawn from the entire record is that there has been no negligence shown on the part of the defendant in the operation of his automobile"; and the plaintiff now comes to this Court upon an appeal which presents only one question: Whether or not there was sufficient testimony to submit to the jury the question of negligence, recklessness and willfullness of the respondents; and whether or not there was such contribu-

tory negligence, recklessness and willfullness on the part of appellant or his agent in the operation of appellant's automobile as to warrant the direction of a verdict in favor of the defendant.

The plaintiff and his driver testified that on or about the 25th day of November, 1945, while traveling at 45 or 50 miles per hour along South Carolina Highway No. 701, in the direction of Conway, South Carolina, with Mr. Gene Richardson driving, they approached a filling station on their left side of the road with a truck parked at the outside tank. When they were approximately 30 feet from the truck, the defendant McGraham drove his car from in back of the truck across to the right side of the highway and headed in the same direction plaintiff was traveling. The driver, Richardson, immediately applied brakes and cut the wheels in order to avoid a collision; that upon doing so, his car turned over, and as it did, struck the right rear of the McGraham car.

The testimony of the defendants is contradictory in almost every respect except that there was a collision. However, when a motion is made by the defendant for a directed verdict in his favor, the evidence in the cause must be considered most favorable to the plaintiff in determining whether or not the motion should be granted; and if more than one inference can reasonably be drawn therefrom, it is the duty of the trial Judge to submit the case to the jury. *Crews v. Sweet,* 125 S. C. 303, 118 S. E. 613, 29 A. L. R. 43; *Ford v. Atlantic Coast Line R. Co.,* 169 S. C. 41, 168 S. E. 143; *Lower Main Street Bank v. Caledonian Insurance Co.,* 135 S. C. 155, 133 S. E. 553; *Lynch v. Pee Dee Express,* 204 S. C. 537, 30 S. E. (2d) 449.

Not only should questions of fact be submitted to the jury when they are in dispute, but the jury must also pass upon the question of inferences to be drawn from such facts after they have been determined. See *Anderson v. Hampton & Branchville R. & L. Co.,* 134 S. C.

185, 132 S. E. 47; and in the case of *Keistler Co. v. Ætna Ins. Co.,* Hartford Conn., 124 S. C. 32, 117 S. E. 70, it was held that a case should be submitted to the jury not only when the testimony is conflicting, but when the inferences from such testimony are in doubt. *Waring v. South Carolina Power Co.,* 177 S. C. 295, 181 S. E. 1.

Contributory negligence was alleged in the Answer and conflicting testimony heard relating thereto; therefore, this question should also have been submitted to the jury for their determination as the same rule applies to the question of contributory negligence. Where more than one inference can reasonably be drawn from the testimony, such testimony being viewed most favorably to the plaintiff, it is the duty of the trial Judge to submit this issue to the jury for its determination. *Lineberger v. City of Greenville,* 178 S. C. 47, 182 S. E. 101.

If there is a scintilla of evidence, which is any material evidence that if true would tend to establish the issue in the mind of a reasonable juror, the case should be submitted to the jury. *Taylor v. Atlantic Coast Line R. Co.,* 78 S. C. 552, 556, 59 S. E. 641, 643; *Turner v. American Motorists Ins. Co.,* 176 S. C. 260, 180 S. E. 55.

For the purpose of determining these questions, it is necessary to consider the evidence in the light most favorable to the plaintiff and the testimony given by the plaintiff and the witness Richardson, and the inferences to be drawn therefrom are sufficient to insure the sending of the case to the jury; and the other testimony relating to the alleged contributory negligence of the plaintiff is sufficient to warrant a determination of these questions by this body also.

For the above stated reasons, this Court is of the opinion that the case should be reversed and remanded; and it is so ordered.

Reversed and remanded.

BAKER, CJ., and FISHBURNE, STUKES and OXNER, JJ., concur.