16335

MOORER v. DOWLING *ET AL.*

(58 S. E. (2d) 734)

*Messrs. Felder, Rosen & Horger,* of Orangeburg, and *J. H. Behling,* of St. George, *for Appellants,*

458

*Mr. J. D. Parler,* of St. George, *for Respondent,* 

April 4, 1950.

TAYLOR, Justice.

This appeal comes from the Court of Common Pleas of Dorchester County, where action was commenced by respondent for damages alleged to have been sustained by reason of a collision between respondent's Ford truck and a large van in or near the Town of St. George, South Carolina.

The defendants set up as their defense first, a general denial; second, contributory negligence, willfulness, recklessness and carelessness on the part of respondent; and third, that if any damages were sustained, they were not due to the proximate cause of any negligence on the part of the defendants.

Seasonable motion on the part of the defendant for a directed verdict was overruled and the case submitted to the jury who found a verdict for the plaintiff in the sum of $2,000.00.

The appellants thereafter moved for judgment *non obstante veredicto* based upon the same grounds as their motion for a directed verdict; failing in that, for a new trial or order *nisi* on the grounds that the verdict was excessive, all of which were refused.

A reading of the testimony discloses that there is evidence that respondent's truck at the time of the collision was traveling north on U. S. Highway No. 15 with appellants' pickup truck approaching from the opposite direction at an excessive rate of speed, towing another truck. There is evidence that it was or had been raining and that the road was wet. Respondent's truck was following two large vans, trailing the rear one at a distance of approximately 75 feet. Appellants' truck skidded across the center line in front of the first van, then returned to the right side of the road and skidded again in front of the second van, causing the driver to apply his brakes which, according to respondent, caused him to crash into the rear of the van.

It is a well-settled rule of law that when a motion is made by a defendant for a directed verdict, the evidence must be considered most favorable to the plaintiff in determining whether or not the motion should be granted, and if more than one inference can reasonably be drawn therefrom, it is the duty of the Trial Judge to submit the case to the jury. *Cox v. McGraham,* 211 S. C. 378, 45 S. E. (2d) 595; *Crews v. Sweet,* 125 S. C. 303, 118 S. E. 613, 29 A. L. R. 43; *Ford v. Atlantic Coast Line R. Co.,* 169 S. C. 41, 168 S. E. 143; *Lower Main Street Bank v. Caledonian Insurance Co.,* 135 S. C. 155, 133 S. E. 553; *Lynch v. Pee Dee Express,* 204 S. C. 537, 30 S. E. (2d) 449.

Not only should consideration of the facts be submitted to the jury when they are in dispute, but the jury must also pass on the questions of inference to be drawn from such facts after they have been determined. *Anderson v. Hampton & Branchville R. & Lumber Co.,* 134

S. C. 185, 132 S. E. 47; *Waring v. South Carolina Power Co.,* 177 S. C. 295, 181 S. E. 1.

Under the scintilla rule which prevails in South Carolina, if there is a scintilla of evidence, which is any material evidence that, if true, would tend to establish the issue in the mind of a reasonable juror, the case should be submitted to the jury for its determination. *Marks v. Industrial Life & Health Insurance Co.,* 212 S. C. 502, 48 S. E. (2d) 445; *Taylor v. Atlantic Coast Line R. Co.,* 78 S. C. 552, 59 S. E. 641; *Bushardt v. United Investment Co.,* 121 S. C. 324, 113 S. E. 637, 35 A. L. R. 637; *Turner v. American Motorists Insurance Co.,* 176 S. C. 260, 180 S. E. 55; *Crawford v. Town of Winnsboro,* 205 S. C. 72, 30 S. E. (2d) 841; *Radcliffe v. Southern Aviation School,* 209 S. C. 411, 40 S. E. (2d) 626.

Appellants contend that respondent was guilty of contributory negligence as a matter of law in following the van at a distance of 75 feet. Section 1616 (12), 1942 Code of Laws for South Carolina, provides as follows:

"Section 1616 (12) Following too closely.—(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and traffic upon and the condition of the highway.

"(b) The driver of any motor truck or motor truck drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within 150 feet of another motor truck or motor truck drawing another vehicle, and the driver of any motor truck traveling in convoy of two or more such motor trucks shall not follow within 500 feet of any other motor truck in the said convoy. This requirement shall not be construed to prevent overtaking and passing nor shall the same apply upon any lane specially designated for use by motor trucks."

The testimony is conflicting as to whether the accident occurred within or without the town limits and being so, it

becomes a question for the jury to determine whether subsection (a) or (b) applies in this case.

If the inferences properly deducible from the evidence are doubtful or if they tend to show both parties guilty of negligence or willfullness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury. *Harrison v. Atlantic Coast Line R. Co.,* 196 S. C. 259, 13 S. E. (2d) 137.

"It is impossible to lay down any hard and fast rule by which it may be determined whether or not the question of contributory negligence is to be found, under the evidence, as a conclusion of law or be submitted to the Jury as a question of fact. The determination of such a question must necessarily be controlled by the facts and the circumstances of each particular case as shown by the evidence. If the testimony be conflicting or the conclusions reached therefrom be doubtful or uncertain, the Courts will not decide this question as one of law but it then becomes a question of fact for the Jury. If, however, it appears there was such negligence * * * proximately entering into and contributing to the accident, it is the duty of the Court to so find as a matter of law." *Arnold v. Charleston & Western Carolina R. Co.,* 213 S. C. 413, 49 S. E. (2d) 725, 730.

For the foregoing reasons, we are of the opinion that there was sufficient evidence to require the Trial Judge to submit the case to the jury and that there was no error in refusing appellants' motion for a nonsuit and for judgment *non obstante veredicto.*

The learned Trial Judge charged the jury that the amount of damages to the truck was the difference in the value of the truck before the accident and its value afterwards. Respondent testified that the value of the truck immediately prior to the collision was $2,500.00; that, although he spent $700.00 for repairs as a result of the collision, the truck never performed satisfactorily and he traded it in shortly thereafter,

on which he was allowed $800.00. He further testified that his damages for the loss of the use of the said truck, which was used to haul logs, was approximately $40.00 per day for 11 days. The jury found for the respondent in the sum of $2,000.00.

This Court, confined by constitutional limitations to the correction of errors of law in cases of this character, has no power to review and reverse the ruling of the Circuit Judge refusing to grant a new trial upon the ground that the verdict was excessive, unless the appeal record discloses and warrants the conclusion, as a matter of law, that such refusal amounts to a manifest abuse of the discretionary power exclusively vested in him to grant a new trial on account of matters of fact. See *Duncan v. Record Publishing Co.,* 145 S. C. 196, 143 S. E. 31; *Union Bleaching & Finishing Co. v. Barker Fuel Co.,* 124 S. C. 458, 117 S. E. 735; *Bennett v. Southern Ry.—Carolina Division,* 98 S. C. 42, 79 S. E. 710; *Southern Ry.—Carolina Division v. Benett,* 233 U. S. 80, 34 S. Ct. 566, 567, 58 L. Ed. 860; *Payne v. Cohen,* 168 S. C. 459, 167 S. E. 665, 667; *Williams v. Tolbert,* 76 S. C. 211, 56 S. E. 908; *Steele v. Atlantic Coast Line R. Co.,* 103 S. C. 102, 87 S. E. 639; *Jennings v. McCowan,* 215 S. C. 404, 55 S. E. (2d) 522.

The amount of the verdict is within the amount of damages testified to, and since a view most favorable to the plaintiff must be taken by the Court in determining questions of this kind, we are of the opinion that the appellants have made no showing which would warrant this Court in concluding that the jury was manifestly actuated by caprice, passion, partiality, prejudice, corruption or other improper motives. See *Haselden v. Atlantic Coast Line R. Co.,* 214 S. C. 410, 53 S. E. (2d) 60.

This Court is of the opinion that all exceptions should be dismissed and the judgment of the Circuit Court should be affirmed, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.