MAJOR v. McCURDY.

No. 3175.

United States District Court,
E. D. South Carolina,
Florence Division.

Sept. 8, 1953.

Willcox, Hardee, Houck & Palmer, Florence, S. C., for plaintiff.

Royall & Wright, McEachin, Townsend & Zeigler, Florence, S. C., for defendant.

WILLIAMS, District Judge.

This is an action to recover damages from a collision of the automobiles of the plaintiff and defendant which occurred at the intersection of Palmetto and Dargan Streets in the City of Florence, South Carolina, at approximately 7:15 a. m., on May 3, 1952. The matter was tried before a jury and resulted in a verdict for the plaintiff in the sum of $1,750. The matter is presently before the court on a motion for judgment for defendant *non obstante verdicto* and in the alternative, for a new trial. The motion for judgment *non obstante veredicto* is

based on the grounds that plaintiff was guilty of contributory negligence and also of contributory wilfulness and recklessness. The motion for a new trial is based on the ground that the verdict was against the clear weight of the evidence.

■ The plaintiff's testimony, which must be taken as true upon this motion, is to the effect that the plaintiff was overtaking and passing a large truck as they approached and entered a street intersection at Dargan and Palmetto Streets. He admitted that his view of the street to his right was completely obscured by the truck he was attempting to pass. He could not see traffic approaching from his right and he made no attempt to stop or slow down. When the truck which he was attempting to pass stopped suddenly as it entered the intersection, the plaintiff's testimony shows that he did not receive any impression of impending danger or attempt to stop his car, but that he proceeded to cross the intersection without being able to see any of the traffic on his right.

■ The testimony convinces me that both the plaintiff and defendant were guilty of contributory negligence and probably of contributory wilfulness. Neither the plaintiff nor the defendant used the care which is required of a motorist when approaching an intersection.

The question for me to decide is whether the motion for judgment notwithstanding the verdict or a new trial should be granted.

■ In the case of Thompson v. Southern Ry. Co., 208 S.C. 49, 37 S.E.2d 278, 280, the law in South Carolina in tort cases is thus stated:

" 'It is firmly established in this jurisdiction that if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or wilfulness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury.' "

It is true that this case involved an accident at a railroad crossing, and if the Supreme Court of South Carolina had not passed upon the question in other cases, the motion for judgment notwithstanding the verdict would be proper. The Supreme Court of South Carolina, however, has considered this principle of law in other cases, notably the case of Moorer v. Dowling, 216 S.C. 456, 58 S.E. 2d 734, 735, where it is stated:

"Not only should consideration of the facts be submitted to the jury when they are in dispute, but the jury must also pass on the questions of inference to be drawn from such facts after they have been determined. * * *

\* \* \* \*

"If the inferences properly deducible from the evidence are doubtful or if they tend to show both parties guilty of negligence or willfulness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury. Harrison v. Atlantic Coast Line R. Co., 196 S.C. 259, 13 S.E.2d 137."

This case involved a motor vehicle accident and the principle of law stated above is almost identical with that quoted in the Thompson v. Southern Ry. Co. case. Another important case which considered the same principle of law is Moody v. Dillon Co., 210 S.C. 458, 43 S.E.2d 201, 203. I quote from this case as follows:

" \* \* \* 'It is firmly established in this jurisdiction that if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or willfulness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury.' Harrison v. Atlantic Coast Line R. Co. et al., 196 S.C. 259, 13 S.E.2d 137, 141.

The determination of the question of contributory negligence 'must necessarily be controlled by the facts and circumstances of the particular case. The court will not decide it as one of law if the testimony be conflicting, or if the conclusion to be drawn therefrom is doubtful and uncertain. This we have decided time and again. For under such circumstances the question clearly falls within the province of the jury.'
* * * "

This question has been considered by the Fourth Circuit Court of Appeals in the case of Sealey v. Southern Ry. Co., et al. 151 F. 736, 739, where the distinguished Judge Waddill said:

"It is not for us to say, in reviewing the action of the court taking the case from the jury, what conclusion we would have reached from the evidence; but it is our duty to determine whether the facts were or were not such that reasonably minded men might draw different conclusions therefrom as to the negligence of the defendant and the contributing negligence of the plaintiff, or whether there was such conflict in the evidence as to material facts as necessitated the submission of the case to the jury. * * *

"It is well settled by the decisions of the Supreme Court of the United States and of this court, that cases should not be withdrawn from the jury where, upon a given state of facts, reasonable men might differ as to whether there was negligence or not. Where the facts are such that all reasonable men would draw the same conclusion, then the question of negligence becomes one of law for the court to determine. * * * "

■ I cannot say at this time that there may not be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause. It appears to be well settled in South Carolina that if both parties are guilty of negligence and the judge cannot state as a matter of law that there is no basis for a fair difference of opinion as to whose act produced the injury complained of as the direct and proximate cause, the case should be submitted to the jury. It is quite clear to me that the same rules apply in directing a verdict as in granting a judgment notwithstanding the verdict.

In the case of MacKay v. Costigan, 7 Cir., 1950, 179 F.2d 125, 127, the court said:

"We first direct our attention to the action of the trial court in sustaining defendants' motion for judgment notwithstanding the verdict. The law is well settled that in passing upon such a motion the trial court must be governed by the same rules which govern it in passing upon a motion for a directed verdict. * * * "

■ Since I am unable to state as a matter of law that there was no basis for a fair difference of opinion as to whose act produced the injuries complained of as a direct and proximate cause, it was proper to submit the case to the jury.

■■ The rule in South Carolina as stated by the Supreme Court of South Carolina in the case of Hyman v. Carolina Veneer & Lumber Co., 194 S.C. 67, 9 S.E.2d 27, is that when a motion is made for a directed verdict, the testimony and all reasonable inferences deducible therefrom are to be considered most favorable to the party against whom the motion is made, and it is not the province of the court to weigh the testimony. The court's duty is to determine whether there is relevant and competent testimony produced from which a reasonable inference may be drawn which tends to establish the material elements of the plaintiff's cause of action. On a motion for judgment notwithstanding the verdict the testimony of the plaintiff must be considered in the most favorable light, but upon defendant's motion for a new trial, it is the duty of the trial judge to weigh the evidence and grant a new trial if he is convinced that the clear weight of the evidence is against the opposite party.

The South Carolina Supreme Court in the case of Worrell v. South Carolina Power Co., 186 S.C. 306, 195 S.E. 638, 641, has this to say about the power of the trial judge to grant a new trial:

"Nor does it follow that because under the law the trial judge is compelled to submit the issues to the jury, he cannot grant a new trial absolute. As has often been said, the trial judge is the thirteenth juror, possessing the veto power to the Nth degree, and, it must be presumed, recognizes and appreciates his responsibility, and exercises the discretion vested in him with fairness and impartiality."

■ The Fourth Circuit Court of Appeals in the case of Garrison v. United States, 62 F.2d 41, 42, clearly differentiates between the duty of a trial judge to direct a verdict and to grant a new trial after verdict, as follows:

"There seems to be some confusion on the part of counsel as to the difference between the duty to direct a verdict and the duty to grant a new trial after verdict; and the contention is frequently made that the judge should direct a verdict whenever the evidence is such that he would be justified in setting the verdict aside. The distinction, however, is clear. Where there is substantial evidence in support of plaintiff's case, the judge may not direct a verdict against him, even though he may not believe his evidence or may think that the weight of the evidence is on the other side; for, under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence and pass upon its credibility. He may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, or is based upon evidence which is false; for, even though the evidence be sufficient to preclude the direction of a verdict, it is still his duty to exercise his power over the proceedings before him to prevent a miscarriage of justice. See Felton v. Spiro, 6 Cir., 78 F. 576. Verdict can be directed only where there is no substantial evidence to support recovery by the party against whom it is directed or where the evidence is all against him or so overwhelmingly so as to leave no room to doubt what the fact is. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720. Verdict may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of a sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice. For a learned and exhaustive discussion of this subject, see the opinion of Judge Lurton in Mt. Adams & E. P. Inclined Ry. Co v. Lowery, 6 Cir., 74 F. 463."

■ It is my opinion that the verdict of the jury was against the clear weight of the evidence in that the clear weight of the evidence showed that the plaintiff was guilty of contributory negligence and probably of contributory recklessness and wilfulness.

In the exercise of my discretion as a trial judge and to prevent a miscarriage of justice, it is my opinion that a new trial should be granted, and

It is so ordered.